# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

| | |
|---|---|
| Liberty Mutual Insurance Company and Great American Insurance Company, *Plaintiffs*, -against- Orlando Museum of Art, Inc., and Pierce O'Donnell, Taryn Burns, and William Force, and Basquiat Venice Collection Group, an unregistered de facto partnership. *Defendants*. | Civil Action No.: 6:24-cv-2180 |

# PLAINTIFFS' MOTION TO REMAND TO STATE COURT

MAZZOLA LINDSTROM LLP
Jean-Claude Mazzola (Lead Counsel)
1350 Avenue of the Americas, 2nd Fl.
New York, New York 10019
D: 646.250.6666
jeanclaude@mazzolalindstrom.com
Florida Bar No. 73466
*Counsel for Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company*

*December 27, 2024*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................... i

TABLE OF AUTHORITIES.................................................... ii

PRELIMINARY STATEMENT................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY.........................................2

ARGUMENT ......................................................................5

   I.   Legal Standard ...............................................................5

   II.   The BVCG Defendants Failed to Comply with Removal Statute
Requirements; Snap Removal Has Been Rejected by the Courts Within the
Eleventh Circuit, Particularly the Middle District of Florida. .............................6

      A.  Defendant OMA did not Consent to the Removal. ....................................6

      B.  Removal is Improper; OMA is Properly Joined and There is No Evidence
of Fraudulent Joinder ...........................................................7

      C.  Snap Removal Has Been Roundly Rejected in This Jurisdiction ..............10

   III.  The Existence of a Related Case Also Supports Remand to Avoid Two
Proceedings Arising from the Same Event; There is Also No "Clear Legal
Prejudice" to the BVCG Defendants.................................................14

CONCLUSION ....................................................................16

LOCAL RULE 3.01(g) CERTIFICATION.............................................17

# TABLE OF AUTHORITIES

**Cases**

*Butler v. Stage 29 Media Productions*,
   No. 20-20239-Civ, 2020 U.S. Dist. LEXIS 265427 (S.D. Fla. July 10, 2020)....14

*Curtis v. Bruner*,
   No. 9:19-CV-80739, 2019 U.S. Dist. LEXIS 130545 (S.D. Fla. August 2, 2019) 8

*Goodwin v. Reynolds*,
   757 F.3d 1216 (11th Cir. 2014)....................................................................7, 11, 15

*Henderson v. Wash. Nat'l Ins. Co.*,
   454 F.3d 1278 (11th Cir. 2006)..........................................................................8, 9

*Jakob v. JP Morgan Chase Bank, N.A.*,
   No. 5:23-cv-664-JSM-PRL, 2023 U.S. Dist. LEXIS 237648  (M.D. Fla. Dec. 21,
   2023) ........................................................................................................................13

*Moultrop v. GEICO Gen. Ins. Co.*,
   858 F. Supp. 2d 1342 (S.D. Fla. 2012) .....................................................................6

*North v. Precision Airmotive Corp.*,
   600 F. Supp. 2d 1263 (M.D. Fla. 2009)...............................................................7, 10

*Pontenberg v. Boston Sci. Corp.*,
   252 F.3d 1253 (11th Cir. 2001)..............................................................................15

*Wolfe v. Schindler Elevator Corp.*,
No. 8:14-cv-2448-T-24 AEP, 2014 U.S. Dist. LEXIS 160848 (M.D. Fla. Nov. 17,
   2014) ..................................................................................................................11, 12

**Statutes**

18 U.S.C. § 1343 ....................................................................................................3
18 U.S.C. § 371 ......................................................................................................3

ii

28 U.S.C. § 1441 ............................................................................. 5, 6, 7

28 U.S.C. § 1446 ............................................................................ 6, 13

28 U.S.C. § 1447 ................................................................................. 1

**Rules**

Fed. R. Civ. P. 41 ............................................................................ 1, 17

## PRELIMINARY STATEMENT

Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company submit this memorandum, pursuant to 28 U.S.C. § 1447(c), in support of their motion to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. This case should be remanded for the following reasons:

*First*, Defendant Basquiat Venice Collection Group ("BVCG"), a *de facto* partnership of Defendants Pierce O'Donnell, Taryn Burns, and William Force (collectively, the "BVCG Defendants"), removed this case to federal to court prior to their having been served, presumably on the basis of "snap removal." Pursuant to Middle District of Florida and 11th Circuit precedent, however, snap removal is improper and this case must be remanded.

*Second*, there is ongoing litigation in state court that underlies this declaratory judgment action. In the state court action, OMA is currently litigating the issue of, *inter alia*, whether the subject artworks are counterfeits, and the damages arising if the artworks are counterfeits or are instead *bona fide*. The same issues implicated in the state court action would be litigated here—including the factual question of whether or not the works are counterfeits. Since the parties herein are directly or indirectly involved in the state court action (as potentially at-risk insurers, on the one hand, and as parties and witnesses, on the other) it simply

makes no sense for this case to be litigated in two different fora, and permitting such dual-track litigation will not only compound the costs of litigation and expenditure of judicial resources, but also risk inconsistent outcomes.

*Finally*, Plaintiffs and OMA are entitled to their costs and fees in having to bring this motion to remand. As snap removal is improper in this judicial district and the forum defendant rule has not been waived, such that the BVCG Defendants lacked an objectively reasonable basis for removal, and in turn warranting an award to Plaintiffs and OMA of their costs and fees in bringing this motion.

## RELEVANT FACTS AND PROCEDURAL HISTORY

**The Parties**

This case has seven parties (two plaintiffs and five defendants):

- Plaintiff Liberty Mutual Insurance Company is incorporated in Massachusetts and has its principal place of business in Massachusetts;

- Plaintiff Great American Insurance Company is incorporated in Ohio and has its principal place of business in Ohio;

- Defendant Orlando Museum of Art, Inc. is incorporated in Florida and has its principal place of business in Florida;

- Defendant Basquiat Venice Collection Group is an unregistered *de-facto* joint-venture partnership, having the residence of its partners;

- Defendant Pierce O'Donnell is a Texas domiciliary and a partner of defendant BVCG;

- Defendant Taryn Burns is a California domiciliary and a partner of defendant BVCG; and

- Defendant William Force is a California domiciliary and a partner of defendant BVCG.

**Summary of Related Case *Orlando Museum of Art,***
***Inc. v. De Groft, et al.*, No. 2023-CA-014410-0 pending**
**in the Circuit Court of the Ninth Judicial Circuit in**
**and for Orange County, Florida**

On August 14, 2023, OMA filed suit against Aaron De Groft (as the ex-director of OMA) on the one hand, and Pierce O'Donnell, John Mangan, William Force, Taryn Burns, BVCG, the MJL Family Trust LLC, and Richard Li Puma (as owners/agents of the subject artwork), on the other. *See* Complaint and Demand for Jury Trial, attached as **<u>Exhibit A</u>**.[1] The suit was filed after the FBI raided the museum and seized 26 artworks that the owners loaned to OMA in connection with the exhibition, "Heroes and Monsters: Jean-Michel Basquiat, the Thaddeus Mumford, Jr. Venice Collection," which was slated to be held at OMA between February 12, 2022 and June 30, 2023. *See generally id.* The FBI seized the works pursuant to a seizure warrant which set forth facts evidencing that they were posthumous forgeries and that therefore there was probable cause to believe that the paintings were evidence, fruits, and/or instrumentalities of violations of 18 U.S.C. § 371 (conspiracy) and 18 U.S.C. § 1343 (wire fraud). *See generally id.*

---

[1] The Court is respectfully asked to take judicial notice of the pleadings and other docketed filings in the related underlying state-court matter, captioned *Orlando Museum of Art, Inc. v. Aaron De Groft, et al.*, bearing Civil Action Number 2023-CA-014410-O, filed in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida.

OMA sued for fraud, breach of fiduciary duty (De Groft), aiding and abetting breach of fiduciary duty, conspiracy, and breach of contract (O'Donnell, BVCG, Burns, Force, and the MJL Trust). *See generally id.* OMA has alleged both significant financial and reputational damages as a result of the defendants' actions. *See generally id.*

On January 19, 2024, OMA dismissed the action *without prejudice* as against all the defendants other than De Groft, due to economic unfeasibility—*i.e.*, the cost of litigation versus the poor likelihood of recovery from empty-pocket defendants.

### Summary of the Instant Declaratory Judgment Action

As set forth in the accompanying declaration of Jean-Claude Mazzola (at ¶1), attached as **<u>Exhibit B</u>**, plaintiffs brought this declaratory judgment action based on the filing of a claim for coverage under OMA's insurance policy with Liberty Mutual and Great American[2] by Defendants Pierce O'Donnell, William Force, and Taryn Burns, acting collectively as the BVCG, claiming a total loss of the seized paintings. Plaintiffs then sent the BVCG Defendants a courtesy copy of the complaint and requested that counsel accept service of process on behalf of their clients, however, counsel failed to reply. (*Id*., ¶ 2). The BVCG Defendants

---

[2] The two plaintiff insurers issued a single policy, under which they agreed to share the risk. The percentage of the risk that each agreed to bear is not relevant to this motion.

filed a notice of removal on Wednesday, November 27, 2024, and thereafter waived service of process in the same email that notified counsel of the removal. (*Id.*, ¶ 3). On Monday December 2, 2024, OMA waived service of process by email to plaintiffs' counsel. (*Id.*, ¶ 4).

Plaintiff insurers brought suit against their policyholder OMA, and against the BVCG Defendants, for a declaration that Plaintiffs owe no duty to OMA or to the BVCG Defendants as additional insureds under the policy on grounds that the loss was not subject to coverage by Plaintiffs, because the artworks at issue are counterfeits (ECF 1-1 Exhibit 1 ¶ 4), and because of intentional or negligent misrepresentations made in connection with the loan to OMA, which voided the policy. (*Id.*, ¶ 5)

We understand that OMA, will also be moving to remand this case back to state court, also with the expectation that it will be consolidated with OMA's underlying state court action. This will streamline discovery, avoid the potential for inconsistent results, and conserve the resources of both the courts and litigants.

## ARGUMENT

### I. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal can be challenged on both

jurisdictional and procedural grounds, and the removing party "bears the burden of proving that this Court has federal jurisdiction" and "establishing compliance with removal statute requirements." *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012). In determining whether removal is procedurally proper, this Court must look to 28 U.S.C. § 1446(b)(2)(A), which states: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

## II. The BVCG Defendants Failed to Comply with Removal Statute Requirements; Snap Removal Has Been Rejected by the Courts Within the Eleventh Circuit, Particularly the Middle District of Florida.

The BVCG Defendants removed this case from state court to this Court pursuant to 28 U.S.C. § 1441(a), on the ground of diversity jurisdiction but failed to demonstrate compliance with removal statute requirements because: (a) there is no representation that OMA consented to removal; (b) OMA, as the primary policy-holder, is properly joined to Plaintiffs' action; and (c) snap removal is improper in this jurisdiction. This case must therefore be remanded.

### A. Defendant OMA did not Consent to the Removal.

The BVCG defendants apparently believed that OMA's consent to removal was not required by 28 U.S.C. § 1446(b)(2)(A); however, the courts within the Eleventh Circuit have roundly rejected the use of "snap removal" to defeat application of the forum-defendant rule. Here, there has been no representation by the BVCG Defendants that they obtained the consent of OMA prior to removing

this case to federal court, and in fact, OMA did not and does not consent. (OMA's counsel advises that OMA will join in this motion, with separate papers in support of remand, and with additional arguments).

Section 1441(b)(2) provides (with emphasis added) that "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." This is the forum-defendant rule, and it can be waived. *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1267 (M.D. Fla. 2009) ("Section 1441(b) is a waivable procedural requirement . . . .") In this case, however, the rule has not been waived, which renders the notice of removal improper and remand obligatory.

## B. Removal is Improper; OMA is Properly Joined and There is No Evidence of Fraudulent Joinder

The forum-defendant rule exists to prevent gamesmanship by a plaintiff, who otherwise may fraudulently join an in-state defendant against which the plaintiff has no real intent to litigate, in order to trigger the forum-defendant rule and prevent removal. Accordingly, courts in this jurisdiction have held that application of snap removal inverts the purpose of the statute. *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) ("[defendants'] argument, if accepted, would turn the statute's 'properly joined and served' language on its head."); *see also Curtis v. Bruner*, No. 9:19-CV-80739, 2019 U.S. Dist. LEXIS

130545, *6 (S.D. Fla. August 2, 2019) ("Under these circumstances, conversion of this otherwise unremovable case into a removable case because State Farm filed its Notice of Removal before Bruner could be served would create an absurd loophole in the forum-defendant rule. The Court concludes that the forum-defendant rule bars State Farm's removal of this case.").

Indeed,

> When a defendant removes a case to federal court on diversity grounds, ***a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed***. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citing 28 U.S.C. § 1441(b)). Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship.

*Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (emphasis added).

Here, the BVCG Defendants removed the case before accepting service of the complaint, as is also alleged in their notice of removal. (ECF 1 ¶ 19 ("This Notice is timely in that it is being filed before service of the Complaint on any Defendant and within thirty days of the filing of the Complaint.")). The BVCG Defendants' ground for removal seems to be that pre-service, or "snap" removal, is proper, despite OMA having been properly joined as a defendant. The BVCG Defendants, all out-of-state defendants, filed their notice of removal before the in-

state defendant OMA had waived service. Had OMA waived service before the BVCG Defendants filed their notice, this case would not have been removable.

In order to avoid application of the forum-defendant rule, the BVCG Defendants must demonstrate, by clear and convincing evidence, that OMA was fraudulently joined. *Henderson*, 454 F.3d at 1281. The BVCG Defendants, however, have not argued, as part of their basis of removal or anywhere else, that OMA's joinder was fraudulent. Plaintiffs did not bring suit against OMA "solely in order to defeat federal diversity jurisdiction." *Id*. In addition, there is no evidence that there is either "no possibility the plaintiff can establish a cause of action against the resident defendant" or that Plaintiffs "fraudulently pled jurisdictional facts to bring the resident defendant to state court." *Id.*

Instead, Plaintiff insurers sought a declaration that they owe no duty to OMA or to the BVCG Defendants as additional insureds under the policy on grounds that the loss was not subject to coverage by Plaintiffs, because the artworks at issue are counterfeits and because of intentional or negligent misrepresentations made in connection with the loan to OMA, which voided the policy. Given that OMA is the policyholder, it is doubtful whether Plaintiffs could obtain any relief absent OMA's inclusion in the litigation. In short, there is no basis to claim that OMA was fraudulently joined; to the contrary, OMA is a necessary party to this litigation.

## C. Snap Removal Has Been Roundly Rejected in This Jurisdiction

The propriety of snap removal is controversial. While many districts reject snap removal, a few accept it. Since 2014, however, this judicial district has found that snap removal is impermissible because it creates a loophole around the forum-defendant rule, and thereby turns the rule on its head. That is, this district (like the other districts within the Eleventh Circuit) has since 2014 rejected the afore-mentioned *North* decision, wherein the Middle District refused to remand, finding that "in a completely diverse case such as this one, a non-forum defendant that has not yet been served may remove a state court action to federal court under Section 1441(b) notwithstanding the fact that the plaintiff has already joined—but not yet served—a forum defendant." 600 F. Supp. 2d at 1270.

*North* was an aberrational decision when it was issued, and simply is not the current state of the law in the Middle District of Florida. *North*'s holding rejecting remand after snap removal has long since been abandoned by courts in the Middle District of Florida, and elsewhere across the Eleventh Circuit. These courts favor the widespread view, based in consequentialism and legislative intent, that pre-service snap removal is not allowed when, but for service not yet having been completed on a joined in-state defendant, the forum-defendant rule would make the case un-removable.

The ground started to give way against *North*'s rule with *Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014). In *Goodwin*, a plaintiff brought suit in Florida against an in-state defendant who was not fraudulently joined, and two out-of-state defendants. As in the case at bar, the out-of-state defendants received a courtesy copy of the complaint from the plaintiff. The out-of-state *Goodwin* defendants then immediately removed the case to federal court before the in-state defendant was served. The district court remanded, and the out-of-state defendants appealed, arguing abuse of discretion. The Eleventh Circuit did not address whether the case was actually removable; instead, it stated that even if the case were removable, the district court did not abuse its discretion by remanding it. This was because (a) the removers had engaged in gamesmanship by removing the case right after receiving a courtesy copy of the complaint, before service of process could reasonably have been effectuated upon the in-state defendant, and (b) remand did not materially prejudice the appellants' rights.

The Middle District of Florida later clarified in *Wolfe v. Schindler Elevator Corp.*, No. 8:14-cv-2448-T-24 AEP, 2014 U.S. Dist. LEXIS 160848 (M.D. Fla. Nov. 17, 2014), that the type of gamesmanship present in *Goodwin* was not required to justify remand. In *Wolfe*, a plaintiff brought a lawsuit in Florida against a Florida defendant (who was not fraudulently joined) and out-of-state defendant Schindler Elevator Corporation ("SEC"). SEC found out about the lawsuit from a

courthouse news service before either defendant had been served. It immediately

removed. There was no gamesmanship by any of the parties. The court remanded,

explicitly rejecting the reasoning of *North*:

> Plaintiffs have a non-frivolous claim against HCAA, the forum
> defendant, who was at all times properly joined and about to be
> served prior to removal. Just because SEC found out about the
> lawsuit from a source other than Plaintiffs themselves does not
> undermine the fact that SEC purposefully removed this case before
> Plaintiffs served either defendant in order to avoid the forum
> defendant rule. SEC's exploitation of the forum defendant rule and
> the technicality that HCAA was not yet served does not insulate it
> from the Court's power to grant Plaintiffs a voluntary dismissal
> without prejudice. Instead, in order to ensure that Plaintiffs are able
> to choose and retain the state court forum that they are entitled to
> under § 1441(b)(2), SEC's actions now require that Plaintiffs
> dismiss this case, file a new suit in state court against HCAA only,
> serve HCAA, and then add SEC to the lawsuit. This Court will
> grant Plaintiffs their requested relief due to SEC's manipulation of
> the forum defendant rule.
>
> The Court notes that SEC cites two Middle District of Florida
> cases, **which predate *Goodwin***, that hold that in a diversity case, a
> non-forum defendant may remove a case despite the fact that a
> forum defendant has been joined as long as the forum defendant
> has not yet been served. *See North v. Precision Airmotive Corp.*,
> 600 F. Supp.2d 1263, 1270 (M.D. Fla. 2009); *ViSalus, Inc. v. Then*,
> 2013 U.S. Dist. LEXIS 97627, 2013 WL 3682239, at *3 (M.D. Fla.
> July 12, 2013). The *Goodwin* court specifically declined to address
> whether its case was, in fact, removable and assumed for the
> purposes of the decision that it was. *See Goodwin*, 757 F.3d at
> 1220 n.12, 1222. Furthermore, even if removal was technically
> correct in the instant case, that does not mean that the Court is
> without the power to grant Plaintiffs' request for dismissal.

*Wolfe*, 2014 U.S. Dist. LEXIS, at *7-9 (emphasis in original).

As recently as 2023 *Goodwin* and *Wolfe* were relied upon in *Jakob v. JP Morgan Chase Bank, N.A.*, No. 5:23-cv-664-JSM-PRL, 2023 U.S. Dist. LEXIS 237648, *4-5 (M.D. Fla. December 21, 2023). In *Jakob*, a plaintiff brought a lawsuit in Florida against a slew of Florida defendants and an out-of-state defendant, Chase. Before any of the defendants had been served, Chase removed the case to federal court. The plaintiff had not joined a Florida defendant just to defeat removal; no gamesmanship was apparent by any party. The court granted remand upon the authority and reasoning of *Goodwin* and *Wolfe*, and numerous other cases across the Eleventh Circuit decided after *Goodwin* that all supported remand after snap removal.

The lesson is simple. Where (a) an out-of-state defendant files a snap removal before service is effectuated upon a non-fraudulently joined in-state defendant, and where (b) service upon the in-state defendant would make the case non-removable under the forum-defendant rule (in other words, when the removing defendant files snap removal to get ahead of the forum-defendant rule), then (c) remanding the case to state court, even in the absence of unfair gamesmanship by any party, is not only proper, but likely obligatory, as the consent of an unserved defendant is still needed for removal to be proper under 28 U.S.C. § 1446(b)(2)(A).

Indeed, district courts within in the Eleventh Circuit have gone so far as to describe remand after snap removal as being obligatory under the same

circumstances as in the case at bar. *See, e.g.*, *Curtis*, U.S. Dist. LEXIS 130545, *6 ("The Court concludes that the forum-defendant rule bars State Farm's removal of this case."). Either way, remand after snap removal is plainly appropriate here:

> Section 1441(b)(2) clearly contemplates a non-forum defendant such as Stage 29 being prohibited from removing a case against it to federal court. There is no question that Plaintiffs have the intent to fully proceed with their claims against the Florida Defendants, and had Plaintiffs served the Florida Defendants before Stage 29 removed this case, the forum defendant rule would bar removal.

*Butler v. Stage 29 Media Productions*, No. 20-20239-Civ, 2020 U.S. Dist. LEXIS 265427, *7 (S.D. Fla. July 10, 2020).

Therefore, removal by the BVCG Defendants was improper since OMA is a properly joined defendant. Remand can and should be granted to Plaintiffs.

## III. The Existence of a Related Case Also Supports Remand to Avoid Two Proceedings Arising from the Same Event; There is Also No "Clear Legal Prejudice" to the BVCG Defendants.

Even if snap removal were permissible (which as set forth above in Point II, it is not) and even if the BVCG Defendants' removal was not a transparent attempt to do an end-run around the forum-defendant rule (which, as also set forth above, it was) this Court should still use its discretionary powers to grant plaintiffs' motion and remand this case because of the related action currently pending in state court. Permitting this case to proceed in federal court would create a duplicative proceeding whose outcome would turn on the same factual and legal issues as are currently being litigated in the related case of *Orlando Museum of Art, Inc. v. De*

*Groft, et al.*, which would squander precious judicial and litigant resources and greatly increase the costs of litigation.

Accordingly, remand is a proper exercise of this Court's discretion. *Goodwin*, 757 F.3d at 1221 ("Because the likely purpose of this language [of 28 U.S.C. § 1441(b)] is to prevent gamesmanship by plaintiffs, moreover, we cannot believe that it constrains the district court's discretion under Rule 41(a)(2) to undo Defendants' gamesmanship in the circumstances at bar.")

There is also no clear legal prejudice to the BVCG Defendants. Accordingly, defendants will not "lose a substantial right" in litigating this case in state court alongside the related case of *Orlando Museum of Art, Inc. v. De Groft, et al. See Goodwin*, 757 F.3d. at 1219 ("in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, ***other than the mere prospect of a subsequent lawsuit***, as a result.") (citations omitted; emphasis in original); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001) ("the district court did not abuse its broad discretion in allowing Pontenberg to dismiss voluntarily her action . . . . Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss.") (citations omitted).

## CONCLUSION

Wherefore, Plaintiffs Liberty Mutual Insurance Company and Great

American Insurance Company respectfully request that this case be remanded to

the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

Dated:      New York, New York
               December 27, 2024

                              Respectfully submitted,

                              MAZZOLA LINDSTROM LLP

                              Jean-Claude Mazzola (Lead Counsel)
                              1350 Avenue of the Americas, 2nd Fl.
                              New York, New York 10019
                              D: 646.250.6666
                              jeanclaude@mazzolalindstrom.com
                              Florida Bar No. 73466
                              *Counsel for Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company*

## LOCAL RULE 3.01(g) CERTIFICATION

I, Jean-Claude Mazzola, certify that, on December 23, 2024, I conferred

with counsel for the BVCG Defendants concerning this motion to remand via

telephone conference. The parties were unable to agree to a resolution of the

motion.

Dated:      New York, New York
            December 27, 2024

                              Respectfully submitted,


                              MAZZOLA LINDSTROM LLP


                              _____
                              Jean-Claude Mazzola (Lead Counsel)
                              1350 Avenue of the Americas, 2nd Fl.
                              New York, New York 10019
                              D: 646.250.6666
                              jeanclaude@mazzolalindstrom.com
                              Florida Bar No. 73466
                              *Counsel for Plaintiffs Liberty Mutual*
                              *Insurance Company and Great American*
                              *Insurance Company*