UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

| | |
|---|---|
| Liberty Mutual Insurance Company and Great American Insurance Company, <br><br> *Plaintiffs*, <br><br> -against- <br><br> Orlando Museum of Art, Inc., and Pierce O'Donnell, Taryn Burns, and William Force, and Basquiat Venice Collection Group, an unregistered de facto partnership. <br><br> *Defendants*. | Civil Action No.: 6:24-cv-2180 |

**DEFENDANT ORLANDO MUSEUM OF ART, INC.'S MOTION TO REMAND TO STATE COURT**

Defendant Orlando Museum of Art, Inc. ("OMA"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1447(c), hereby files this Motion to Remand to State Court (the "Motion"), and states:

**INTRODUCTION**

Defendants Pierce O'Donnell, Taryn Burns, William Force, and Basquiat Venice Collection Group (collectively, the "BVCG Defendants") attempted to remove this case on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and 1332(a). However, the BVCG Defendants' Notice of Removal (ECF No. 1) is procedurally defective, and this case should be remanded, because it was

1

filed before any of the defendants were served. This is known as "snap removal" and is not permitted in this district.

Separately and alternatively, this case should be remanded under two applicable abstention doctrines—*Wilton/Brillhart* and *Colorado River*. These doctrines caution federal courts of limited jurisdiction to abstain from exercising jurisdiction over declaratory judgment actions (like this one) and other actions where there are parallel state court proceedings. These doctrines apply, and this Court should abstain, because there is a parallel proceeding pending in the Ninth Judicial Circuit, in and for Orange County, Florida, styled *Orlando Museum of Art, Inc. v. Aaron De Groft*, Case No.: 2023-CA-014410-O (the "Orange County Action"). As set forth in more detail below, the Orange County Action concerns the same subject matter and largely the same factual and legal questions as this case. Therefore, the principles of judicial economy, federalism, and comity support this Court's abstention and remand.

## PROCEDURAL AND FACTUAL BACKGROUND

**I.  This Case.**

1. Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company (collectively, "Plaintiffs"), originally filed this case in the Ninth Judicial Circuit, in and for Orange County, Florida, on November 17, 2024 (ECF No. 1-3).

2. Plaintiffs sued OMA and the BVCG Defendants seeking declaratory judgments after the BVCG Defendants made a claim under a policy of insurance seeking indemnity for the purported loss of artwork represented by the BVCG Defendants to have been created by Jean-Michel Basquiat. *See id.*

3. The subject artwork is owned by the BVCG Defendants and was loaned to OMA for exhibition. *See id.* During the exhibition, the FBI executed on a warrant to seize the subject artwork, as part of an ongoing investigation into the artwork's claimed authenticity and provenance. *See id.*

4. Plaintiffs are seeking a declaration that the subject artwork is, in fact, inauthentic and, as a result, not covered under the policy. *See id.* Plaintiffs are also seeking a declaration that the FBI's seizure of the subject artwork does not constitute a "complete loss," such that there is no coverage under the policy. *See id.* Plaintiffs are also seeking a declaration that the BVCG Defendants were only added as additional insureds under the policy based on material misrepresentations about the purported authenticity of the subject artwork, such that the BVCG Defendants are not entitled to coverage under the policy. *See id.*

5. The only relief Plaintiffs are seeking is declaratory in nature. *See id.*

## II. **The Notice of Removal.**

6. The BVCG Defendants attempted to remove this case to this Court via Notice of Removal filed on November 27, 2024. (ECF No. 1).

7. The BVCG Defendants' Notice of Removal reflects that it was filed <u>before</u> OMA and the BVCG Defendants were served. *See id.* at ¶¶ 2, 19, 20.

8. The BVCG Defendants claim that because OMA had not yet been served when they filed their Notice of Removal, OMA's joinder in or consent to the removal of this case is not required. *See id.* at ¶ 20.

9. In fact, OMA neither joins in nor consents to the BVCG Defendants' Notice of Removal.

### III. The Orange County Action.

10. On August 14, 2023—more than one year <u>before</u> Plaintiffs filed this case—OMA filed a case against the BVCG Defendants and others in the Ninth Judicial Circuit, in and for Orange County, Florida (to wit, the "Orange County Action"). A true and correct copy of OMA's Complaint is attached hereto as **Exhibit A**.[1]

11. OMA's Complaint in the Orange County Action arises out of and concerns the same subject artwork as Plaintiffs' Complaint in this case. *Compare id.* and Ex. A.

12. OMA's Complaint stated claims for fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy, and breach of contract,

---

[1] OMA requests for this Court to take judicial notice of the Complaint and all other filings in the Orange County Action pursuant to Federal Rule of Evidence 201.

which claims pled and will necessitate a finding upon proof not only that the subject artwork is inauthentic, but also that the BVCG Defendants and others acting in concert with them knew the subject artwork was inauthentic when they loaned it to OMA for exhibition. *See generally* Ex. A.

13. The Orange County Action is still pending and is governed by a Case Management Order that, among other things, set the anticipated 15-day jury trial during the trial period beginning October 13, 2025. A true and correct copy of the Case Management Order is attached as **Exhibit B**.

14. Although OMA voluntarily dismissed its claims against the BVCG Defendants <u>without prejudice</u>, the BVCG Defendants are necessary witnesses for purposes of discovery and trial in the Orange County Action.

**IV.   The Requested Consolidation.**

15. Given the overlap in parties and issues as between this case and the Orange County Action, when Plaintiffs filed this case, they filed it in the jurisdiction where the Orange County Action was already pending.

16. Not only that, Plaintiffs expressly requested for this case to be consolidated with the Orange County Action. *See* (ECF No. 1-3), ¶ 3.

## MEMORANDUM OF LAW

**I.   This Case Should be Remanded Because the BVCG Defendants' "Snap Removal" was Procedurally Improper and Ineffective.**

"[A]ny civil action brought in a State court of which the district courts of the

5

United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal can be challenged on both jurisdictional and procedural grounds, and the removing party "bears the burden of proving that this Court has federal jurisdiction" and "establishing compliance with removal statute requirements." *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012). In determining whether removal is procedurally proper, this Court must look to 28 U.S.C. §1446(b)(2)(A), which states: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

Here, the BVCG Defendants' purported removal of this case was procedurally improper and ineffective because it was done prior to service on any of the defendants, which is known colloquially as "snap removal." Snap removal is disfavored in the Eleventh Circuit and this district. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014). OMA adopts and incorporates Plaintiffs' arguments against snap removal, as set forth in Plaintiffs' separate Motion to Remand, and requests remand on those same bases.

## II. Alternatively, this Court Should Abstain and this Case Should be Remanded.

### A. The *Wilton/Brillhart* Abstention Doctrine Applies.

Under the *Wilton/Brillhart* doctrine, a district court can dismiss or stay a

declaratory judgment action, despite having subject matter jurisdiction over the claim. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues . . . .").

Prior to addressing whether the *Wilton/Brillhart* doctrine applies, this Court first must determine whether to apply federal or state law to this case. *See Protective Ins. Co. v. Compher*, Case No. 3:11-cv-183-J-34TEM, 2012 WL 13098685, *2-*3 (M.D. Fla. Nov. 26, 2012). "A federal court sitting in diversity must apply federal procedural law and state substantive law." *Id.* at *3 (citing *Burke v. Smith*, 252 F.3d 1260, 1265 (11th Cir. 2001) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938))). ". . . [T]he Court's discretion with respect to declaratory relief is specifically derived from the federal Declaratory Judgment Act, which the Eleventh Circuit has held to be procedural in nature." *Id.* at *3 (citing *GTE Directories Publ'g Corp. v. Trime Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995)) (citation omitted).

Accordingly, and even where a complaint—like Plaintiffs' Complaint in this case—seeks declaratory relief pursuant to the Florida Declaratory Judgment Act,

7

rather than the Federal Declaratory Judgment Act—the Federal Declaratory Judgment Act still governs any procedural matters. *See id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1138 n.3 (11th Cir. 2005) ("There is little doubt, and the parties do not argue otherwise, that the district court had to apply the [federal] Declaratory Judgment Act . . . rather than the [Georgia] state declaratory judgment act, in this action.")) (other citation omitted).

Applying the procedural requirements of the Federal Declaratory Judgment Act to this case warrants abstention and remand, because the Federal Declaratory Judgment Act affords this Court substantial discretion to decline to exercise jurisdiction over Plaintiffs' declaratory judgment claims. Where the Federal Declaratory Judgment Act applies, a district court is permitted, but is not required, to exercise jurisdiction over a claim for declaratory relief. *Brillhart*, 316 U.S. at 494. "[T]he Supreme Court has noted that the language of the Declaratory Judgment Act itself, which provides that a federal court '*may* declare the rights and other legal relations of any interested party seeking such declaration,' demonstrates that the Declaratory Judgment Act is 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Compher*, 2012 WL 13098685 at *4 (quoting *Wilton*, 515 U.S. at 286-87) (emphasis in original).

"At least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a

8

district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (citations omitted). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Brillhart*, 316 U.S. at 495. Further, the first-filed rule should not be disregarded lightly. The party objecting to jurisdiction in the first-filed forum carries the burden of proving "compelling circumstances to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 460 F.3d 1132, 1135 (11th Cir. 2005) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)).

A court's primary consideration in deciding whether to abstain under the *Wilton/Brillhart* doctrine is the existence of a parallel state court proceeding. *See Centennial Life Ins. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) ("[W]hen a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy 'can better be settled in the proceeding pending in the state court'.") (quoting *Brillhart*, 316 U.S. at 495)). When a parallel state action is pending, courts encourage dismissal of the federal declaratory judgment claim. *See, e.g.*, *Aetna Casualty & Surety v. Ind-Com Elec.*, 139 F.3d 419, 422 (4th Cir. 1998) ("[T]he existence of such a proceeding should be a significant factor in the district court's determination"); *Mutual Benefit Ins. v. Lorence*, 189 F. Supp. 2d 298, 301 (D. Md. 2002) ("[T]he most common

9

79296991;1

circumstance justifying a district court's dismissal of a declaratory judgment action is the pendency of a parallel state court action….")

Here, the pending Orange County Action is properly considered a "parallel state court action" supporting abstention under the *Wilton/Brillhart* doctrine. As set forth above, Plaintiffs' Complaint in this case and OMA's Complaint in the Orange County Action arise out of the same facts and concern the same legal questions—to wit, whether the subject artwork is inauthentic and whether the BVCG Defendants and others acting in concert with them knew the subject artwork was inauthentic when they loaned it to OMA for exhibition. *Compare* (ECF No. 1-3) at ¶¶ 1-6, 29-55, and 59-89 *with* Ex. A at ¶¶ 1-6, 30-47, 221, 237, 252, 261, 263, 266, and 268. If the subject artwork is found to be inauthentic, and if the BVCG Defendants are found to have known that the subject artwork was inauthentic when they loaned it to OMA, then there will necessarily be no those findings will likely resolve the declarations sought by Plaintiffs in this case about whether there is insurance coverage for the subject artwork. Stated another way, the factual and legal determinations that will be made in the first-filed Orange County Action will likely determine most if not all of the factual and legal issues in this case.

Even when another lawsuit is found not to be technically "parallel," abstention under the *Wilton/Brillhart* doctrine may still be warranted. *See First Mercury Ins. Co. v. Excellent Computing Distrs., Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016)

("Indeed, nothing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues.") Rather, the Eleventh Circuit has provided "guideposts" for district courts to consider when determining whether to proceed with a declaratory judgment action while another lawsuit is pending in state court. *See Ameritas Variable Life Ins. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) ("Our list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*"); *see also First Mercury Ins. v. Excellent Computing Distribs.*, 648 F. App'x 861, 867 (11th Cir. 2016) ("not every factor will be relevant in every case").

In *Ameritas*, the Eleventh Circuit Court provided the following non-exhaustive list of factors for district courts to consider when deciding whether to exercise jurisdiction over a declaratory judgement action where an underlying state court action involves some of the same issues:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not

    removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*See Ameritas,* 411 F.3d at 1331.

  The *Ameritas* factors weigh in favor of abstention. In the Orange County Action, OMA initially sued the same BVCG Defendants (among others) that removed this this case, in a dispute that turns on the authenticity of the same subject artwork. OMA's Complaint was filed more than one year ago—in August 2023—and the question of whether the subject artwork is authentic has been subject to the jurisdiction of the state court for just as long. The state court has already acquired a heightened degree of familiarity with the facts and legal issues pertaining to the authenticity dispute. This case similarly turns on the key factual question of whether the subject artwork is authentic. *Compare* (ECF No. 1-3) at ¶¶ 1-6, 29-55, and 59-89 *with* Ex. A at ¶¶ 1-6, 30-47, 221, 237, 252, 261, 263, 266, and 268.

  To have the Orange County Action run in parallel to this case—in different

12

jurisdictions—would be to duplicate discovery into the same key underlying issues of fact and law, which are not only "important to an informed resolution of the case," but necessary. The state court, having presided over these same issues for 16 months, is currently "in a better position to evaluate those factual issues than is the federal court." Moreover, this case in no way turns on "federal common or statutory law"; rather, it turns on Florida's state law on rescission and avoidance of an insurance policy.

There is also no indication that Plaintiffs filed this case to start a race for res judicata. No special need for federal expertise is apparent; allowing the Orange County Action to run its course would finish almost all of the work required to resolve this case. Under the circumstances as viewed in light of the *Ameritas* factors, most of the factors are satisfied in favor of this Court's abstention and remand.

### B.     The *Colorado River* Abstention Doctrine Applies.

Abstention is also proper under the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976). In *Colorado River*, the Supreme Court stated: "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'" 424 U.S. at 817 (emphasis added).

The Supreme Court explained, however, that there are "circumstances

permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration," although they "are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818. "In assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative . . . ." *Id.* at 818-19 (citations omitted).

*Colorado River* found that the district court's dismissal of the federal case was warranted where a pending state case would, *inter alia*, adequately dispose of the issues. Likewise, here, and for the same reasons as set forth above in the discussion of the *Wilton/Brillhart* doctrine, abstention under the *Colorado River* doctrine is appropriate. Because the Orange County Action and this case both turn on the same underlying factual questions of whether the subject artwork is authentic, and whether the BVCG Defendants and others acting in concert with them knew the subject artwork was inauthentic when they loaned it to OMA, the desirability of avoiding piecemeal litigation and potentially inconsistent results is high. And, because the state court obtained jurisdiction over that factual dispute and certain of the same parties first—more than a year before the BVCG Defendants attempted their strategic removal of this case—that factor also weighs in favor of abstention.

14

Put simply, this case should be remanded and consolidated with the pending Orange County Action, as Plaintiffs originally intended when they filed this case in state court, because the state court case is positioned to dispose of the same issues adequately, and potentially more efficiently and with less risk of inconsistent results, than this Court.

### III.   OMA is Entitled to its Reasonable Fees and Costs.

28 U.S.C. § 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006). The purpose of this statute is to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140.

Here, the BVCG Defendants lacked an objectively reasonable basis for seeking removal because the impropriety of "snap removal" in this circuit has been evident since *Goodwin*. The BVCG Defendants' removal was a transparent attempt to sidestep the forum-defendant rule and increase litigation costs and delay. This Court should grant OMA's Motion and award OMA its reasonable fees and costs for

15

79296991;1

having had to so move.

## CONCLUSION

WHEREFORE, OMA respectfully requests for this Court to remand this case, to award OMA its reasonable fees and costs, and for any other relief deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The movant certifies that she conferred in good faith with counsel for the BVCG Defendants, by phone on December 26, 2024. Movant and counsel for the BVCG Defendants discussed this Motion in detail but were unable to agree and, therefore, the BVCG Defendants were unable to consent.

Dated: December 27, 2024.

> Respectfully submitted,
>
> /s/ Sara A. Brubaker
> **E. Ginnette Childs, Esq. (Lead Counsel)**
> Florida Bar Number: 0298130
> Email: ginny.childs@akerman.com
> Secondary Email:
> melissa.tejada@akerman.com
> Secondary Email:
> suzy.miller@akerman.com
> **Sara A. Brubaker, Esq.**
> Florida Bar Number: 0105769
> Email: sara.brubaker@akerman.com
> Secondary Email:
> barbara.morrison@akerman.com
> **AKERMAN LLP**
> Post Office Box 231
> Orlando, FL 32802-0231

79296991;1

Phone:  (407) 423-4000
Fax:  (407) 843-6610
Attorneys for Defendant, Orlando Museum of Art, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Sara A. Brubaker
**Sara A. Brubaker**
Florida Bar Number: 0105769

79296991;1