UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY AND GREAT AMERICAN
INSURANCE COMPANY,

    Plaintiffs,

v.                                                                      Case No. 6:24-CV-02180-PGB-RMN

ORLANDO MUSEUM OF ART, INC.,
AND PIERCE O'DONNELL, TARYN
BURNS, AND WILLIAM FORCE, AND
BASQUIAT VENICE COLLECTION
GROUP, AN UNREGISTERED DE FACTO
PARTNERSHIP,

    Defendants.
_____

## UNIFORM CASE MANAGEMENT REPORT

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted two planning conferences by Zoom on January 6, 2025.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/17/2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/24/2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).                                       Plaintiffs <br> Defendants <br> Rebuttal | 11/3/2025 <br> 12/12/2025 <br> 1/16/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/13/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/31/2026 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.* Enter mediator's name, address, and phone number. | 2/27/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 5/6/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/19/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/26/2026 |
| Month and year of the trial term. | 7/13/2026 |

The trial will last approximately 5-10 days and be:

☐ jury.

☒ non-jury.

---

* Given the unique issues of the case, the parties are still in the process of agreeing on a qualified mediator, and will provide the agreed-upon mediator's name, address, and phone number on or before Tuesday, January 21, 2025.

3. **Description of the Action**

BVCG Defendants loaned Defendant Orlando Art Museum ("OMA") a collection of what they allege were 20 Basquiat paintings. The paintings were seized by the FBI in connection with a forgery investigation. BVCG Defendants made an insurance claim to Plaintiffs pursuant to BVCG Defendants' rights as an additional insured. Plaintiffs took examinations under oath of all BVCG Defendants, then filed the instant action for declaratory relief to determine all parties' rights under the insurance contract.

Plaintiffs seek a declaration that no coverage is available to OMA (as the primary insured) or to the BVCG Defendants (as additional insureds), because the paintings were forgeries and thus have no insurable value and a declaration that OMA's policy naming BVCG as an additional insured was issued based on OMA's alleged concealment of material facts and BVCG's alleged negligent or intentional misrepresentations concerning the authenticity and value of BVCG's paintings.

Defendant OMA contends that the paintings were fake and that the BVCG Defendants knew or should have known of their inauthenticity at the time they were loaned to OMA. OMA further contends that the BVCG Defendants conspired with OMA's former CEO and Executive Director, Aaron De Groft ("De Groft") to conceal the inauthenticity of the paintings and, instead, use OMA's reputation and status to host an exhibition in an effort to bolster the paintings' value and eventual sale, for which the BVCG had secretly promised De Groft a portion of the profits. OMA also contends that the conspiracy extended to the subject insurance contract.

BVCG Defendants deny all allegations set forth in Plaintiffs' and OMA's descriptions. BVCG Defendants further assert that Plaintiffs chose to insure the artwork without any representation of authenticity, so its authenticity is of no moment in the insurance case. Moreover, BVCG Defendants acted in good faith in investigating the authenticity of the artwork and seeking insurance for the artwork while in possession of OMA. BVCG Defendants relied on Plaintiffs to conduct whatever due diligence they required to satisfy themselves that they were comfortable insuring the artwork, and the scope and extent of such due diligence (if any) will certainly be a subject of discovery in this case. To date, it does not appear that Plaintiffs performed any due diligence as part of their underwriting of the risks at issue.

BVCG Defendants submitted an insurance claim to Plaintiffs and submitted thousands of pages of documents to Plaintiffs in support of the claim, and in response to Plaintiffs' requests. Plaintiffs conducted examinations of BVCG Defendants' principals under the guise of investigating the claim, but rather than

issuing any coverage determination to BVCG Defendants or even providing a reservation of rights as to coverage, the Plaintiffs prematurely initiated this action for declaratory relief in state court by fraudulently joining OMA as a defendant. OMA has made no insurance claim to Plaintiffs. BVCG Defendants further contend that OMA has no business of a party to this action.

BVCG Defendants contend that Plaintiffs have wrongfully failed to pay their insurance claim and are in the process of preparing a counterclaim asserting claims for damages against Plaintiffs for breach of contract and other appropriate relief. Plaintiffs also intend on filing an amended complaint.

4. **Disclosure Statement**

   ☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07. I to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss: N/A

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

   ☒ Yes.
   ☐ No; instead, the parties agree to these changes: N/A

B. Discovery may be needed on these subjects: Plaintiffs' claim investigation, BVCG Defendants' and/or the MJL Family Trust's acquisition of the artworks, the provenance and authenticity of the artworks, the BVCG Defendants' storage and insurance of the artworks prior to the loan, BVCG Defendants' artwork authentication process, BVCG Defendants' artwork marketing process, BVCG Defendants' involvement in and communications about the subject insurance contract, BVCG Defendants' communications with De Groft, BVCG Defendants' alleged conspiracy with De Groft to share the proceeds of an eventual sale of the paintings, the plea agreement (and related materials and proceedings) by Michael Barzman admitting to forging the paintings, the BVCG Defendants' relationship with Lumsden Qian and David Damante, and an artwork entitled "Helicopter," the loan of the alleged artworks by the BVCG

      Defendants and/or the MJL Family Trust to OMA, and representations and communications related thereto and the exhibition thereof. BVCG Defendants disagree that such broad and unnecessary discovery is appropriate, and reserve all rights to object under applicable law.

    C.   Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes.

    D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☒ No.
        ☐ Yes.

    E.   ☒   The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes.

**10. Request for Special Handling**

    ☒ The parties do not request special handling.

    ☐ The parties request special handling.

    ☐ Enter party's name unilaterally requests special handling.

**11. Certification of familiarity with the Local Rules**

    ☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| Dated: January 6, 2025<br><br>MAZZOLA LINDSTROM LLP<br><br>*/s/ Jean-Claude Mazzola*<br>Jean-Claude Mazzola (Lead Counsel)<br>1350 Avenue of the Americas, 2nd Fl.<br>New York, NY10019<br>D: (646) 250-6666<br>jeanclaude@mazzolalindstrom.com<br>Florida Bar No. 73466<br><br>*Counsel for Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company* | Dated: January 6, 2025<br><br>REED SMITH LLP<br><br>*/s/ R. Hugh Lumpkin*<br>R. Hugh Lumpkin (SBN 0308196)<br>hlumpkin@reedsmith.com<br>Jessica Gopiao (SBN 1011789)<br>jgopiao@reedsmith.com<br>REED SMITH LLP<br>200 S Biscayne Blvd<br>Suite 2600<br>Miami, FL 33131<br>Telephone: (786) 747-0200<br>Facsimile: (786) 747-0299<br><br>David E. Weiss (admitted *pro hac vice*) (Lead Counsel)<br>dweiss@reedsmith.com<br>REED SMITH LLP<br>101 Second Street<br>Suite 1800<br>San Francisco, CA 94105<br>Telephone: (415) 659-5652<br>Facsimile: (415) 391-8269<br><br>Katherine J. Ellena (admitted *pro hac vice*)<br>kellena@reedsmith.com<br>REED SMITH LLP<br>355 South Grand Avenue<br>Suite 2900<br>Los Angeles, CA 90071<br>Telephone: (213) 457-8000<br>Facsimile: (213) 457-8080<br><br>*Attorneys for Defendants Pierce O'Donnell, Taryn Burns, William Force, and Basquiat Venice Collection Group* | Dated: January 6, 2025<br><br>AKERMAN LLP<br><br>*/s/ E. Ginnette Childs*<br>E. Ginnette Childs, Esq. (Lead Counsel)<br>Florida Bar Number: 0298130<br>Email: ginny.childs@akerman.com<br>Secondary Email: melissa.tejada@akerman.com<br>Secondary Email: suzy.miller@akerman.com<br>Sara A. Brubaker, Esq.<br>Florida Bar Number: 0105769<br>Email: sara.brubaker@akerman.com<br>Secondary Email: barbara.morrison@akerman.com<br>AKERMAN LLP<br>Post Office Box 231<br>Orlando, FL 32802-0231<br>Phone: (407) 423-4000<br>Fax: (407) 843-6610<br><br>*Attorneys for Defendant, Orlando Museum of Art, Inc.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of January, 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of Court and the parties of record by using the CM/ECF system.

*/s/ R. Hugh Lumpkin*
**R. Hugh Lumpkin** (SBN 0308196)

*Counsel for Defendants, Basquiat Venice Collection Group, Pierce O'Donnell, Taryn Burns, and William Force*