# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LIBERTY MUTUAL INSURANCE COMPANY
AND GREAT AMERICAN INSURANCE
COMPANY,

       *Plaintiffs,*

v.                                                    CASE NO. 6:24-CV-2180

ORLANDO MUSEUM OF ART, INC., AND
PIERCE O'DONNELL, TARYN BURNS, AND
WILLIAM FORCE, AND BASQUIAT VENICE
COLLECTION GROUP, AN UNREGISTERED DE
FACTO PARTNERSHIP,

       *Defendants.*

---

## BVCG DEFENDANTS' OMNIBUS OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO STATE COURT AND ORLANDO MUSEUM OF ART, INC.'S MOTION TO REMAND TO STATE COURT

## <u>TABLE OF CONTENTS</u>

<b>Page</b>

INTRODUCTION ...................................................................................................1

MEMORANDUM OF LAW ....................................................................................2

I.    Legal Standard ...........................................................................................2

II.   The Plain and Unambiguous Language of Section 1441(b)(2) Permits Pre-Service ("Snap") Removal. ...................................................................3

     A.    Movants Are Wrong: "Snap Removal" Had Not Been "Roundly Rejected" in this Jurisdiction. ...............................................5

     B.    Movants Are Wrong: Goodwin Does Not Govern Their Motions To Remand. .....................................................................6

III.  There is Clear Evidence of Fraudulent Joinder...........................................6

     A.    OMA's Joinder is Fraudulent Because Insurers Cannot Establish a Cause of Action Against OMA, Which Has Asserted No Insurance Claim Against Insurers And Has No Interest In The Insured Property.............................................................. 8

     B.    Given the Fraudulent Joinder, the BVCG Defendants Did Not Need OMA's Consent to Remove to this Court. ...................................9

IV.  This Court Should Exercise Its "Unique and Substantial" Discretion To Retain Jurisdiction of This Action........................................................10

     A.    The Nature of This Declaratory Relief Action Demonstrates That the Orange County Action Is Not "Parallel." ...........................10

     B.    All of the Ameritas Factors Favor This Court Retaining Jurisdiction. .......................................................................10

          1.    Ameritas Factor No. 1................................................12

          2.    Ameritas Factor Nos. 2 and 3.....................................13

          3.    Ameritas Factor No. 4 ...............................................14

          4.    Ameritas Factor No. 5................................................14

          5.    Ameritas Factor No. 6 ...............................................15

          6.    The Colorado River Doctrine .....................................15

          7.    Ameritas Factor Nos. 7 and 8.....................................16

          8.    Ameritas Factor No. 9 ...............................................17

V.   Movants Are Wrong: The "Clear Legal Prejudice" Standard Does Not Apply to Motions to Remand........................................................................18

i

VI.    Movants Are Not Entitled to their Costs and Fees in Bringing Their Frivolous Motions to Remand. ....................................................................19

CONCLUSION ...................................................................................................... 20

CERTIFICATE OF SERVICE ................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole Cnty., Fla.*,
  No. 6:11-CV-155, 2012 U.S. Dist. LEXIS 207850 (M.D. Fla. Aug. 28, 2012) ...18

*Ameritas Variable Life Ins. Co. v. Roach*,
  411 F.3d 1328 (11th Cir. 2005) ...............................................................*passim*

*Colorado River Water Conversation Dist. v. U.S.*,
  424 U.S. 800 (1976) ...............................................................................15, 16, 18

*Crowe v. Coleman*,
  113 F.3d 1536 (11th Cir. 1997) .......................................................................7

*Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*,
  138 S. Ct. 1061 (2018)......................................................................................5

*In re Dailey*,
  949 F.3d 553 (11th Cir. 2020) ..........................................................................5

*Dodd v. United States*,
  545 U.S. 353 (2005) .........................................................................................5

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*,
  902 F.3d 147 (3d Cir. 2018) ............................................................................4

*Gibbons v. Bristol-Myers Squibb Co.*,
  919 F.3d 699 (2d Cir. 2019) ............................................................................4

*Goodwin v. Reynolds*,
  757 F.3d 1216 (11th Cir. 2014) ............................................................3, 6, 7, 18

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*,
  530 U.S. 1 (2000) ..............................................................................................5

*Henderson v. Wash. Nat'l Ins. Co.*,
  454 F.3d 1278 (11th Cir. 2006) .......................................................................7

*Herbst v. Am. Orthodontics Corp.*,
  No. 23-13423, 2024 U.S. App. LEXIS 16851 (11th Cir. July 10,
  2024).................................................................................................................7

iii

*Jakob v. JP Morgan Chase Bank, N.A.,*
    No. 5:23-CV-664-JSM-PRL, 2023 U.S. Dist. LEXIS 237648, 2023
    WL 11256436 (M.D. Fla. Dec. 21, 2023) ........................................................6

*James River Ins. Co. v. Rich Bon Corp.,*
    34 F.4th 1054 (11th Cir. 2022) ..................................................*passim*

*Martin v. Franklin Capital Corp.,*
    546 U.S. 132 (2005)....................................................................................19

*McCants v. Ford Motor Co., Inc.,*
    781 F.2d 855 (11th Cir. 1986) ................................................................18

*Nat'l Tr. Ins. Co. v. S. Heating & Cooling, Inc.,*
    12 F.4th 1278 (11th Cir. 2021) ................................................................10

*North v. Precision Airmotive Corporation,*
    600 F. Supp. 2d 1263 (M.D. Fla. 2009)..........................................4, 6

*Pontenberg v. Boston Sci. Corp.,*
    252 F.3d 1253 (11th Cir. 2001) ..............................................................18

*Stonington Insurance Co. v. Agricultural & Labor Program,*
    No. 08-60901-CIV, 2009 U.S. Dist. LEXIS 14321 (S.D. Fla. Feb.
    9, 2009) ................................................................................*passim*

*Sunbelt Rentals, Inc. v. Cox,*
    No. 2:24-cv-947-JES-KCD, 2024 U.S. Dist. LEXIS 222906 (M.D.
    Fla. Dec. 10, 2024)................................................................3, 6, 19

*Tapscott v. MS Dealer Service Corp.,*
    77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by
    *Cohen v. Office Depot Inc.*, 204 F.3d 1069 (11th Cir. 2000) ..........................7

*Tex. Bine Co. L.L.C. v. Am. Arbitration Ass'n,*
    955 F.3d 482 (5th Cir. 2020) ................................................................4

*TIG Ins. Co. v. Smart School,*
    401 F. Supp. 2d 1334 (S.D. Fla. 2005) ................................................14

*Transamerica Leasing, Inc. v. Inst. of London Underwriters,*
    267 F.3d 1303 (11th Cir. 2001)................................................................ 8

*Triggs v. John Crump Toyota, Inc.,*
    154 F.3d (11th Cir. 1998) ................................................................7

*Vestal v. First Recovery Grp., LLC,*
   292 F. Supp. 3d 1304 (M.D. Fla. 2018)...................................................... 2, 6, 8, 9

**Statutes**

28 U.S.C. § 1332(a) ......................................................................................... 2

28 U.S.C. § 1441 .............................................................................................. 3

28 U.S.C. § 1441(a) ........................................................................................ 3, 4

28 U.S.C. § 1441(b) ......................................................................................2, 3, 4

28 U.S.C. § 1441(b)(2) .................................................................................... 3, 4

28 U.S.C. § 1447(c) ....................................................................................3, 19, 20

28 U.S.C. § 1447(e) ......................................................................................... 6

28 U.S.C. § 2201(a) ........................................................................................ 10

**Rules**

L R. 7.01(b)(2)............................................................................................... 20

Defendants Pierce O'Donnell, Taryn Burns, William Force, and Basquiat Venice Collection Group ("BVCG Defendants"), through their undersigned counsel and pursuant to Local Rule 3.01, respectfully submit this Omnibus Opposition to Plaintiffs' Motion to Remand [D.E. 16] and Defendant Orlando Museum of Art, Inc.'s ("OMA") Motion to Remand [D.E. 20], and states:

## **INTRODUCTION**

For the sole purpose of obtaining their preferred state court forum and in an effort to avoid coverage, Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company (hereinafter, the "Plaintiffs" or the "Insurers") filed this preemptive and premature action for declaratory relief in state court, fraudulently joining a stranger (OMA) to the coverage dispute and contending that this action should be joined with an unrelated pending state court action. In their blatant efforts to forum shop, Plaintiffs filed this case before even issuing a coverage determination on the subject insurance claim made by the BVCG Defendants and in an attempt to foreclose the BVCG Defendants from filing their own action for breach of contract. The BVCG Defendants properly removed this case to federal court, where this dispute should remain.

Plaintiffs and OMA (collectively, the "Movants") both argue that: **(1)** the BVCG Defendants' "snap removal" is not procedurally proper; **(2)** remand is proper because the case filed in the Ninth Judicial Circuit, in and for Orange County, Florida, styled *Orlando Museum of Art, Inc. v. De Groft, et al.* (the "Orange County Action") is a "parallel" or "related" state court action; and **(3)** the

Movants are entitled to fees and costs for bringing their Motions to Remand. Separately, Plaintiffs also argue that **(1)** there is no evidence of fraudulent joinder; and **(2)** remand is appropriate because there is no "clear legal prejudice" to the BVCG Defendants. None of these arguments have merit.

Movants are mistaken on the applicable law and the facts. ***First***, the plain language of section 1441(b) authorizes "snap removals," and there is no governing law prohibiting removals under these circumstances. ***Second***, there is evidence of fraudulent joinder; a review of Plaintiffs' state court complaint makes evident that they filed their premature declaratory relief action and named OMA solely to defeat federal diversity jurisdiction. ***Third***, the Orange County Action is not "parallel" because the parties are ***not*** identical (neither the Insurers nor the BVCG Defendants are parties to the Orange County Action) and the claims do not overlap at all. ***Fourth***, the "clear legal prejudice" standard does not apply; a consideration of the appropriate *Ameritas* factors reveals that this Court should retain jurisdiction. ***Fifth***, Movants are not entitled to fees and costs because their motions should be denied and there are no unusual circumstances present.

## MEMORANDUM OF LAW

### I.   Legal Standard

Federal district courts "shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000 [] and is between [] citizens of different States." 28 U.S.C. § 1332(a). Defendants may remove a case to federal court, despite the plaintiff's preference for state court,

when diversity jurisdiction exists. 28 U.S.C. § 1441(a). This statutory right of removal is only limited when "any of the parties in interest ***properly joined and served as defendants*** is a citizen of the State in which such action is brought." *Id.* at § 1441(b)(2) (emphasis added). Pursuant to 28 U.S.C. § 1447(c), a party may move to remand if it can show a lack of subject matter jurisdiction.

## II.  The Plain and Unambiguous Language of Section 1441(b)(2) Permits Pre-Service ("Snap") Removal.

28 U.S.C. § 1441 states "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Therefore, "[b]y its terms, the forum-defendant rule applies only if a forum defendant has been 'properly joined and served.'" *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-22 (11th Cir. 2014) (quoting 28 U.S.C. § 1441(b). Put simply, the plain language of the statute permits pre-service, or "snap" removal. *See id.*

A very recent (December 2024) decision from this Court— *Sunbelt Rentals, Inc. v. Cox*—provides guidance. In circumstances nearly identical to those here, Judge Steele held that snap removal was lawful and proper, and that remand was not justified. No. 2:24-cv-947-JES-KCD, 2024 U.S. Dist. LEXIS 222906, at *13-14 (M.D. Fla. Dec. 10, 2024) ("[r]emoval of a case before a named forum defendant is served is authorized by 28 U.S.C. § 1441(b)(2). Unless the removal violated § 1441(b)(2) or another removal provision, or was improper for another reason, the removal in this case must stand."). Just as remand was not proper there, neither is

it here. *Id.*; *see also North v. Precision Airmotive Corporation*, 600 F. Supp. 2d
1263, 1268-70 (M.D. Fla. 2009) (same).

Several other Circuits have confirmed that snap removal is proper by the
terms of the statute. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705
(2d Cir. 2019) ("The language of the forum defendant rule in section 1441(b)(2) is
unambiguous. . . By its text, [] Section 1441(b)(2) is inapplicable until a home-state
defendant has been served in accordance with state law; until then, a state court
lawsuit is removable under Section 1441(a) so long as a federal district court can
assume jurisdiction over the action."); *Encompass Ins. Co. v. Stone Mansion Rest.
Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) ("Starting with the text, we conclude that the
language of the forum defendant rule in section 1441(b)(2) is unambiguous. Its
plain meaning precludes removal on the basis of in-state citizenship only when the
defendant has been properly joined and served."); *see also Tex. Bine Co. L.L.C. v.
Am. Arbitration Ass'n*, 955 F.3d 482, 486 (5th Cir. 2020) (same).

Contrary to Plaintiffs' argument, following the rules as written is not
gamesmanship. There was nothing impermissible about BVCG Defendants'
removal, as the plain language of section 1441(b) authorizes what Courts
characterize as "snap removal." The forum defendant rule applies only when a
forum defendant has been "properly joined and served" – which had not happened
here at the time of BVCG Defendants' removal. That the Movants (or even some
courts) may not like the optics or feel of "snap removal" is an issue for Congress.
But as it stands, the Court must assume that Congress specifically intended to

permit removal prior to service of process on the local defendant. *See In re Dailey*, 949 F.3d 553, 559 (11th Cir. 2020) (citing *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1073, 200 L. Ed. 2d 332 (2018)) ("Even if Congress could or should have done more, it still 'wrote the statute it wrote—meaning, a statute going so far and no further.'"); *see also Dodd v. United States*, 545 U.S. 353, 359, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, (2000) ("When the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms. . . . It is for Congress, not this Court, to amend the statute."). Thus, there was nothing wrong with the BVCG Defendants utilizing an exception Congress itself drafted to remove a case that fits squarely within this exception and that meets the amount in controversy requirement.

### A.  Movants Are Wrong: "Snap Removal" Had <u>Not</u> Been "Roundly Rejected" in this Jurisdiction.

The Insurers (and through improper[1] incorporation by reference, OMA) overstate the Eleventh Circuit's position on "snap removals"; it is not true that "[s]nap [r]emoval [h]as [b]een [r]ejected by the [c]ourts [w]ithin the Eleventh Circuit, [p]articularly the Middle District of Florida." [D.E 16 at p. 10.] On the contrary, "decisions by district courts within the Eleventh Circuit are hopelessly

---

[1] This Court's Local Rule 3.01(f) states "NO INCORPORATION BY REFERENCE. A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief."

divided on the issue [of snap removals]." *Sunbelt Rentals, Inc.*, 2024 U.S. Dist. LEXIS 222906, at *13 (comparing *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (collecting cases) (non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant) *with Jakob v. JP Morgan Chase Bank, N.A.*, No. 5:23-CV-664-JSM-PRL, 2023 U.S. Dist. LEXIS 237648, 2023 WL 11256436, at *2 (M.D. Fla. Dec. 21, 2023) (collecting cases).

### B. Movants Are Wrong: *Goodwin* Does Not Govern Their Motions To Remand.

Likewise, *Goodwin* does *not* hold that remand is the proper remedy in the context of snap removal; rather, *Goodwin* simply stands for the proposition that a Court *may* use its discretion to grant a *voluntary dismissal* of a claim that has been removed to Federal Court under Federal Rule of Civil Procedure 41. 757 F.3d at 1221. But neither Insurers nor OMA have moved for voluntary dismissal under Rule 41. Thus, their reliance on *Goodwin* is inapposite here. Accordingly, the Court should apply the plain reading of the removal statute and reject the Movants' arguments that removal was somehow improper.

### III. There is Clear Evidence of Fraudulent Joinder.

Title 28 U.S.C. § 1447(e) provides that if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." One reason a court may deny joinder is because the joinder was fraudulent. *See Vestal v. First Recovery Grp., LLC*, 292 F. Supp. 3d 1304, 1308 (M.D. Fla. 2018) (Byron,

J.) (explaining the fraudulent joinder doctrine). "Under the fraudulent joinder doctrine, a facially non-diverse action 'may nevertheless be removable if the joinder of the non-diverse party . . . were fraudulent.'" *Id.* (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d, 1284, 1287 (11th Cir. 1998)).

Fraudulent joinder is particularly "egregious" where a party does not have a "real connection with the controversy." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot Inc.*, 204 F.3d 1069 (11th Cir. 2000); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (noting fraudulent joinder can be found "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability[.]"). To prove fraudulent joinder, the removing party must demonstrate that "there is no possibility the plaintiff can establish a cause of action against the resident defendant[.]" *Herbst v. Am. Orthodontics Corp.*, No. 23-13423, 2024 U.S. App. LEXIS 16851, at *3 (11th Cir. July 10, 2024) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)).

Put simply, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.* at n.2 (quoting *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)).

**A.    OMA's Joinder is Fraudulent Because Insurers Cannot Establish a Cause of Action Against OMA, Which Has Asserted No Insurance Claim Against Insurers And Has No Interest In The Insured Property.**

BVCG Defendants, as Additional Insureds under the policy, submitted the insurance claim in dispute. *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 267 F.3d 1303, 1307 (11th Cir. 2001) ("A coinsured party under an insurance policy has all the rights afforded to the named assured and can recover under the policy under its own right."). OMA did not participate in the claim submission and is not making its own claim.  [D.E. 20, p. 3; D.E. 29, pp. 3-4.]

This Court's decision in *Vestal v. First Recovery Group, LLC* provides guidance. In that case, First Recovery Group argued that joinder was fraudulent because there was no possibility that Vestal could establish a cause of action against the non-diverse defendant, Payas. *Id.* at 1308. Upon review of the complaint, this Court agreed. *Id.* at 1308-1309 ("A review of the Complaint fails to disclose any facially colorable claims against Payas. The paragraphs mentioning Payas set forth his background information and indicate that his and Plaintiff's interests are aligned. There is no indication that Plaintiff is pursuing any claims, or a judgment, against Payas. The Court is therefore satisfied that 'there is no possibility' of Plaintiff establishing a cause of action against Payas, rendering his joinder fraudulent." (internal citations omitted)).

Like in *Vestal*, a close review of the state court complaint reveals that the Insurers are not seeking any judgment or relief against OMA. The Insurers' request for relief is recited in its entirety below:

8

> WHEREFORE, plaintiffs respectfully request that this court enter judgment in its favor, declaring the rights of Liberty Mutual Insurance Company and Great American Insurance Company as follows:
>
> (i) That plaintiffs have no obligation under the insurance policy to indemnify ***BVCG*** because BVCG's paintings are inauthentic and therefore not covered under the policy;
>
> (ii) That plaintiffs have no obligation under the insurance policy to indemnify ***BVCG*** because BVCG has not suffered a loss since the paintings are not lost or damaged but instead in the custody of the FBI;
>
> (iii) That the limitations and exclusions contained in the policy are applicable and plaintiffs have no obligations to provide coverage to ***BVCG*** because the policy is null and void due to intentional concealment and misrepresentation; and
>
> (iv) Granting such other and further relief as this Court deems just.

[D.E. 1-1 at 24 (emphasis added).] Notably absent from the Insurers' request for relief is any *mention* of OMA. This is because OMA has not submitted this insurance claim to Plaintiffs and has no interest in the property that is the subject of the BVCG Defendants' insurance claim. Any other reference to OMA in the state court complaint is, at best, "background information." Thus, as with *Vestal*, this Court should be satisfied that "there is no possibility" of Plaintiffs establishing a cause of action against OMA, rendering its joinder fraudulent.

### B. Given the Fraudulent Joinder, the BVCG Defendants Did Not Need OMA's Consent to Remove to this Court.

Generally, all defendants must consent to remove an action to federal court. "A fraudulently joined defendant[,]" however, "need not consent to removal." *Vestal*, 292 F. Supp. 3d at 1300. As this Court rightly pointed out, "[s]uch a requirement would be nonsensical." *Id.* Accordingly, the BVCG Defendants' removal was proper, and both Motions to Remand should be denied.

IV.     **This Court Should Exercise Its "Unique and Substantial" Discretion To
        Retain Jurisdiction of This Action.**

      A.      **The Nature of This Declaratory Relief Action Demonstrates That
        the Orange County Action Is Not "Parallel."**

This action and the Orange County Action are not "parallel"[2] because the
parties are ***not*** identical (neither the Insurers nor the BVCG Defendants are
parties to the Orange County Action), which involves a separate dispute between
OMA and its former employee, Dr. De Groft (who is ***not*** a party in this action or
an insured under the policy at issue). Whatever issues OMA has with Dr. De Groft—
regarding his role in obtaining the artwork for display at the museum—are
completely separate from BVCG Defendants' insurance claim under the insurance
policy covering the BVCG Defendants as Additional Insureds for loss of their
artwork. Thus, the actions do not overlap at all.

      B.      **All of the *Ameritas* Factors Favor This Court Retaining
        Jurisdiction.**

BVCG Defendants intend to file a counterclaim against Plaintiffs for breach
of contract and other appropriate relief on or before the January 30, 2025
responsive pleading deadline. Nevertheless, when assessing whether this Court
should exercise its "unique and substantial" discretion in retaining jurisdiction
over a declaratory relief action under 28 U.S.C. § 2201(a), courts turn to the factors

---

[2] This Court's "unique and substantial" discretion in entertaining the Insurers' declaratory relief
action under § 2201(a) does not hinge on the existence of a parallel proceeding. *See James River
Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1060 (11th Cir. 2022) (citing *Nat'l Tr. Ins. Co. v. S.
Heating & Cooling, Inc.*, 12 F.4th 1278 (11th Cir. 2021)) ("'[T]he existence of a parallel proceeding
is not a prerequisite to a district court's refusal to entertain an action under § 2201(a),' the
Declaratory Judgment Act.").

discussed in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir.

2005); *see also James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1057 (11th

Cir. 2022).

 Each of the following *Ameritas* factors weigh strongly in favor of retaining

jurisdiction over this action:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

411 F.3d at 1331.

 The Insurers' motion does not discuss these factors at all. And while OMA's

motion quotes the factors, OMA does not bother to apply them to the facts. Instead,

OMA gives short shrift to the Orange County Action, vaguely describing its

procedural history and identifying one purportedly overlapping issue: "whether

the subject artwork is authentic." But that is not an overlapping issue with this action because the Insurers chose to insure the artwork without any representation of authenticity, so its authenticity is of no moment in the insurance case. Even if authenticity was an issue in this action, that issue alone does not justify remand. If anything, what might be at issue is what, if any, due diligence the Insurers engaged in before agreeing to insure the artwork, which will not be an issue at all in the Orange County Action. Put simply, the Orange County Action does not involve the insurance coverage issues in this action. Moreover, OMA's argument that the BVCG Defendants are "necessary witnesses for purposes of discovery and trial in the Orange County Action" [D.E. 20 at 5] does not warrant remand of this action.

*Stonington Insurance Co. v. Agricultural & Labor Program*, No. 08-60901-CIV, 2009 U.S. Dist. LEXIS 14321 (S.D. Fla. Feb. 9, 2009) provides further guidance on properly applying the *Ameritas* factors. In *Stonington*, the insurer filed a declaratory relief action seeking a judgment declaring that any allegations of molestation or abuse are not covered. *Id.* at *2. The insurer sued all parties involved, namely the insured, the claimants, and the alleged offender. *Id.* The claimants "ask[ed] the [c]ourt to abstain from adjudicating th[e] declaratory action in favor of a state forum" under the *Brillhart* Doctrine. *Id.* at *2-3. The district court declined to do so after applying the *Ameritas* test, as follows.

### 1. *Ameritas* Factor No. 1

As to *Ameritas* Factor No. 1, the *Stonington* Court concluded that "the state's interest in this case [namely, an interest in protecting its children] is not so strong

as to cause this Court to abstain" because "**this Court has an interest in resolving declaratory relief actions properly brought before it and can rightfully resolve the insurance coverage dispute**." *Stonington*, 2009 U.S. Dist. LEXIS 14321, at *5-6 (emphasis added).

Here, neither OMA nor the Insurers identified a "state interest" concerning the issues the Insurers raised in this action. There is no such state interest since none of the BVCG Defendants are citizens of Florida. [D.E. 1-3 at ¶¶ 15, 17, 19, 21.] Like in *Stonington*, this Court has an interest in resolving declaratory relief actions properly brought before it and can rightfully resolve this insurance coverage dispute. Thus, *Ameritas* Factor No. 1 favors retaining jurisdiction.

### 2. *Ameritas* Factor Nos. 2 and 3

As to *Ameritas* Factor Nos. 2 and 3, the *Stonington* Court decided it was capable of "settl[ing] the controversy" and "serv[ing] a useful purpose in clarifying the legal relations at issue" because "Defendants can engage in discovery to bring forth the applicable facts, so **this Court can decide the meaning of the policies in the context of the facts**." *Id.* at *6 (emphasis supplied).

Likewise, here, this Court is more than capable of deciding the meaning of the policy issued by the Insurers in the context of the facts material to the issues in this case. The *proper* parties in this action can engage in discovery to bring forth the applicable facts necessary for this Court to resolve the distinct issues present in this action, as opposed to the Orange County Action. Thus, *Ameritas* Factor Nos. 2 and 3 favor retaining jurisdiction.

13

### 3.    *Ameritas* Factor No. 4

As to *Ameritas* Factor No. 4, the moving party in *Stonington* argued that
"the proper course of action should be to have the state court judge who has
jurisdiction over the parties and knowledge of the facts of the underlying claims
make the decision regarding coverage. *Stonington*, 2009 U.S. Dist. LEXIS 14321,
at \*7. The Court rejected that argument and explained: "**This Court also has
jurisdiction over the parties**, and, as discussed above, **this Court will also
have knowledge of all relevant facts if Defendants engaged in
discovery**." *Id.* at \*7 (emphasis added).

As discussed above, this Court has jurisdiction over the Insurers and BVCG
Defendants, and will have knowledge of all relevant facts when the proper parties
engage in discovery. Thus, *Ameritas* Factor No. 4 favors retaining jurisdiction.

### 4.    *Ameritas* Factor No. 5

As to *Ameritas* Factor No. 5, the *Stonington* Court found no "friction"
because "**[o]ther federal courts have found it proper to retain
jurisdiction over insurance disputes such as this and have found there
is no friction created by such**." *Id.* (citing *TIG Ins. Co. v. Smart School*, 401 F.
Supp. 2d 1334 (S.D. Fla. 2005)) (emphasis added); *see also, e.g., James River Ins.*,
34 F.4th at 1062 (vacating dismissal of federal case because "[t]he[ *Ameritas*
Factors] as applied to the policy limits claim strongly favor allowing the declaratory
judgment action to go forward" in federal court).

Made evident with *Stonington*, *TIG Insurance Co.*, and *James River*

*Insurance*, there are many instances where a federal court has decided to retain jurisdiction over declaratory relief actions involving insurance coverage. Thus, *Ameritas* Factor No. 5 favors retaining jurisdiction.

### 5. *Ameritas* Factor No. 6

*Ameritas* Factor No. 6—whether there is an alternative remedy that is better or more effective—seeks to avoid piecemeal litigation. *Stonington*, 2009 U.S. Dist. LEXIS 14321, at *8. When assessing this factor, the S*tonington* Court concluded that "[t]he [separate] state actions are an alternative, but **it has not been shown that the state court actions are a 'better or more effective' alternative" particularly because "[t]he [state court] actions involve different parties[.]"** *Id.* (emphasis added).

Likewise, here, as mentioned above, the Orange County Action involves different parties—Dr. De Groft, OMA's former Director, is not a party to this action, and neither the Insurers nor the BVCG Defendants are parties to the Orange County Action. Accordingly, like in *Stonington*, the Orange County Action is not a "better or more effective" alternative to adjudicating the insurance coverage issues here. Thus, *Ameritas* Factor No. 6 favors retaining jurisdiction.

### 6. The *Colorado River* Doctrine

Before discussing the next *Ameritas* Factors, the *Colorado River* Doctrine, which OMA also relies upon, hinges on similar considerations as *Ameritas* Factor No. 6. The *Colorado River* Doctrine only applies when: (1) "the cases involve 'substantially the same parties and substantially the same issues'"; and (2) "the

15

circumstances are 'exceptional' enough to justify dismissing [or abstaining] 'the federal suit to the presence of a concurrent state proceeding for reasons of wise judicial administration." *James River Ins.*, 34 F.4th at 1061, n.1. Accordingly, both *Ameritas* Factor No. 6 and the *Colorado River* Doctrine seek to "avoid[] piecemeal litigation" and "inconvenienc[ing] the federal forum[.]" [D.E. 20 at p. 14 (citing *Colorado River Water Conversation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).]

To punctuate the point, the *Colorado River* Doctrine is defeated for the same reasons that *Ameritas* Factor No. 6 favors retaining jurisdiction: the Orange County Action involves different parties and different issues, and nothing has been shown that the Orange County Action is a "better or more effective" alternative for adjudicating the insurance coverage issues in this action.

### 7.   *Ameritas* Factor Nos. 7 and 8

*Ameritas* Factor Nos. 7 (whether the underlying factual issues are important to an informed resolution of the case) and 8 (whether the state trial court is in a better position to evaluate those factual issues than the federal court) favor retaining jurisdiction for the same reasons that "[d]eclaratory relief actions are especially helpful for third parties—insurance companies in particular." *James River Ins.*, 34 F.4th at 1058. Put plainly, the factual issues in this case can help provide a more informed resolution of the Orange County Action—not the other way around. For example, if Insurers' declaratory relief action proves successful, then Insurers should not be involved in the Orange County Action at all.

The BVCG Defendants oppose the relief Insurers request in their declaratory

16

relief action; and as the Eleventh Circuit in *James River Ins.* explained, reaching the conclusion that there is coverage under the policy still provides value to the insurer because it "clarify[ies] insurance companies' liability quickly and directly." *James River Ins.*, 34 F.4th at 1058. Accordingly, "the state trial court is not in a better position to evaluate the relevant factual issues than [this Court]" (*Ameritas* Factor No. 8) because this Court can focus solely on what is material to those issues, rather than sort through all the irrelevant facts in the Orange County Action. Thus, *Ameritas* Factor Nos. 7 and 8 favors retaining jurisdiction.

### 8.    *Ameritas* Factor No. 9

Finally, as to *Ameritas* Factor No. 9, the *Stonington* Court rightfully declared that "[t]his action will be determined under Florida statutory and common law as opposed to federal statutory or common law, but **this Court is more than capable of applying the necessary state law, so this does not require the Court to abstain.**" *Id.* at *9 (emphasis added).

Likewise, here, this Court is also more than capable of applying the necessary state law. Put simply, abstention is not required in federal coverage actions governed by state law because federal courts can certainly apply state laws without remanding. Thus, *Ameritas* Factor No. 9 favors retaining jurisdiction.

To summarize, the pending Orange County Action is ***not*** properly considered a "parallel state court action" supporting abstention under the *Wilton/Brillhart* doctrine; permitting this case to proceed in federal court would ***not*** create a duplicative proceeding because the factual and legal issues are ***not***

the same; the *Colorado River* Doctrine does not apply; and the *Ameritas* Factors all weigh ***against*** abstention and in favor of retaining jurisdiction.

**V.** **Movants Are Wrong: The "Clear Legal Prejudice" Standard Does Not Apply to Motions to Remand.**

In a last-ditch effort to throw in another argument, Insurers (and through improper[3] incorporation by reference, OMA) assert that "[t]here is no clear legal prejudice to the BVCG Defendants." [D.E. 16 at p. 19.]  As support, Insurers cite to *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014) and *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001). Neither *Goodwin* nor *Pontenberg* involved motions to remand; rather they involved motions to dismiss under Federal Rule of Civil Procedure 41. Insurers and OMA have not moved for dismissal under Rule 41 and have not cited any case law applying the "clear legal prejudice" standard to motions to remand.  Thus, this standard does not apply.

Assuming *arguendo* that the "clear legal prejudice" standard did apply (it does not), this Court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Allied Veterans of the World, Inc.: Affiliate 67 v. Seminole Cnty., Fla.*, No. 6:11-CV-155, 2012 U.S. Dist. LEXIS 207850, at *16 (M.D. Fla. Aug. 28, 2012) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986)), *report and recommendation adopted*, No. 6:11-CV-155, 2012 U.S. Dist. LEXIS 207847 (M.D. Fla. Oct. 19, 2012). Made evident by the

---

[3] *See* n.1, *supra*.

*Ameritas* Factors discussed above, the "relevant equities" are weighed in favor of retaining jurisdiction. Thus, remand and/or abstention is not appropriate here, and the motions should be denied.

## VI. <u>Movants Are Not Entitled to their Costs and Fees in Bringing Their Frivolous Motions to Remand.</u>

Movants' request for fees under 28 U.S.C. § 1447(c) should be denied. To start, if this Court does not issue an order remanding the case, the statute is not applicable. *See Sunbelt Rentals*, 2024 U.S. Dist. LEXIS 222906, at *22 ("In this case the necessary predicate for the imposition of fees and costs is missing. The Court has not issued an order remanding the case, so the statute is not applicable."). For this reason alone, Movants' request for fees should be denied.

Assuming *arguendo* that Movants are entitled to an order remanding the case (they are not), the applicable standard is as follows: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

For all of these reasons, BVCG Defendants' actions in removing this action to this Court were not objectively unreasonable. The majority of district and Circuit Court cases permit snap removal and Plaintiffs fraudulently joined OMA as a party to this case in an effort to defeat diversity jurisdiction and forum shop.

Moreover, Movants' requests for fees does not comply with local rules that require movants to "state the amount sought or provide a fair estimate of the

amount sought." *See* M.D. Fla. L R. 7.01(b)(2).

Thus, Movants are not entitled to fees or costs under 28 U.S.C. § 1447(c).

## **CONCLUSION**

WHEREFORE, Defendants Pierce O'Donnell, Taryn Burns, William Force, and Basquiat Venice Collection Group respectfully request that this Court enter an order denying Plaintiffs' Motion to Remand to State Court and Defendant Orlando Museum of Art, Inc.'s Motion to Remand to State Court, and for any other relief that this Court deems just and proper.

Dated this 10th day of January, 2025

Respectfully submitted,

/s/ R. Hugh Lumpkin
R. Hugh Lumpkin (SBN 0308196)
Email: hlumpkin@reedsmith.com
Jessica Gopiao (SBN 1011789)
Email: jgopiao@reedsmith.com
REED SMITH LLP
200 S Biscayne Blvd
Suite 2600
Miami, FL 33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

David E. Weiss (admitted *pro hac vice*)
Email: dweiss@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 659 5652
Facsimile: +1 415 391 8269

Katherine J. Ellena (admitted *pro hac vice*)
Email: kellena@reedsmith.com
REED SMITH LLP

355 South Grand Avenue Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendants*
*Pierce O'Donnell, Taryn Burns, William*
*Force, and Basquiat Venice Collection*
*Group*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2025, I electronically

filed a true and correct copy of the foregoing with the Clerk of Court and the parties

of record by using the CM/ECF system.

*/s/ R. Hugh Lumpkin*
R. Hugh Lumpkin

21