# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LIBERTY MUTUAL INSURANCE COMPANY and GREAT AMERICAN INSURANCE COMPANY,**

      **Plaintiffs,**

v.                                              Case No: 6:24-cv-2180-PGB-RMN

**ORLANDO MUSEUM OF ART, INC., PIERCE O'DONNELL, TARYN BURNS, WILLIAM FORCE and BASQUIAT VENICE COLLECTION GROUP,**

      **Defendants.**

_____/

## **ORDER**

This cause comes before the Court upon the following filings:

1. Plaintiffs Liberty Mutual Insurance Company and Great American Insurance Company's (collectively, the "**Plaintiffs**") Motion to Remand to State Court (Doc. 16 ("**Plaintiffs' Motion**"));

2. Defendant Orlando Museum of Art, Inc.'s ("**OMA**") Motion to Remand to State Court (Doc. 20 ("**OMA's Motion**"));[1] and

3. Defendants Basquiat Venice Collection Group ("**BVCG**"), Pierce O'Donnell ("**O'Donnell**"), Taryn Burns ("**Burns**"), and William

---

[1] Collectively, Plaintiffs' Motion and OMA's Motion will be referred to as the "Remand Motions." (Docs. 16, 20).

Force's ("**Force**") (collectively, the "**BVCG Defendants**")[2] omnibus response in opposition to the Remand Motions (Doc. 31 (the "**Response**")).

Upon consideration, the Remand Motions are due to be granted.

I. **BACKGROUND**

This action arises from the Federal Bureau of Investigation's ("**FBI**") seizure of a collection of paintings (the "**collection**" or "**paintings**") on exhibition at Defendant OMA's art gallery in June of 2022. (*See* Doc. 1-3). The collection was on loan to OMA from the BVCG Defendants, having been purportedly created by famed artist Jean-Michel Basquiat. (*Id.* ¶ 66). Pursuant to OMA's loan agreement with BVCG, BVCG was added as an additional insured on OMA's fine art insurance policy (the "**Policy**") so that the paintings would be insured under OMA's Policy during the exhibition. (*Id.* ¶ 67). OMA's Policy was issued by the insurance company Plaintiffs. (*Id.* ¶ 1).

The FBI seized the paintings after securing a warrant demonstrating probable cause to believe that they are forgeries. (*Id.* ¶ 2). BVCG subsequently filed an insurance claim with Plaintiffs under OMA's Policy for $19,700,000.00, asserting the paintings were a total loss. (*Id.* ¶ 87). Consequently, Plaintiffs filed the Complaint in state court on November 17, 2024, seeking declaratory relief under Chapter 86 of the Florida Statutes. (Doc. 1-3). Therein, Plaintiffs allege that

---

[2] According to the Complaint (Doc. 1-3 (the "**Complaint**")), BVCG is an unregistered partnership and O'Donnell, Burns, and Force are its partners. (Doc. 1-3, p. 1).

2

they added BVCG as an additional insured to the Policy based upon material misrepresentations regarding the collection's "authenticity and value" made by both the BVCG Defendants and OMA. (*E.g.*, *id.* ¶ 76). Plaintiffs thus bring three counts seeking declaratory judgments pertaining to Plaintiffs' duties under the Policy. (*See id.* ¶¶ 100–30).

On November 27, 2024, the BVCG Defendants removed the case to the instant Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). In the Notice of Removal, the BVCG Defendants indicated that, "[a]s of the filing of this Notice . . . , Defendants [had] not been served with the summons and complaint, and [had] not filed responsive pleadings." (*Id.* ¶ 2).

Now, Plaintiffs and OMA (collectively, the "**Movants**") ask the Court to remand the matter to state court. (Docs. 16, 20). The Movants argue (1) that the BVCG Defendants' removal of this action is procedurally defective, because it constitutes an improper "snap" removal[3] and because OMA does not consent to the removal; and (2) that the Court should remand the case based upon the existence of a related proceeding pending in state court. (Docs. 16, 20). The Movants also seek awards of attorney's fees and costs for their efforts in bringing the Remand Motions. (*E.g.*, Doc. 16, p. 6; Doc. 20, p. 15).

---

[3] The BVCG Defendants correctly state that OMA's attempt to incorporate Plaintiffs' arguments regarding snap removal into OMA's Motion violates Local Rule 3.01(f). (Doc. 31, p. 5; Doc. 20, p. 6). The Court nonetheless notes that OMA has made a more limited version of the same argument in OMA's Motion. (Doc. 20, pp. 5–6).

## II.  LEGAL STANDARD

28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

A civil action filed in state court may be removed to federal court based upon diversity jurisdiction under 28 U.S.C. § 1332. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). Diversity jurisdiction exists when there is complete diversity amongst the parties—that is, the state citizenship of every plaintiff must differ from that of every defendant—and the threshold amount in controversy is met. *Univ. of S. Ala.*, 168 F.3d at 412.[4] However, such an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This rule is known as the "forum defendant rule." *Goodwin v. Reynolds*, 757 F.3d 1216, 1218 (11th Cir. 2014). Additionally, when an action is removed pursuant to

---

[4]  Section 1332 confers jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

4

the Court's diversity jurisdiction, all defendants who have been properly joined and served must join in or consent to removal of the action. 28 U.S.C. § 1446(b)(2)(A). This rule is referred to as the "unanimity rule." *Bailey v. Janssen Pharma., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008).

## III. DISCUSSION

### A. Snap Removal

The BVCG Defendants concede that their removal of this action constitutes a "snap removal." (Doc. 31, p. 7). A snap removal occurs when a defendant quickly removes an action to federal court before service of process on a forum defendant, whose presence in the action would prevent such removal under § 1441(b)(2). *Jakob v. JP Morgan Chase Bank, N.A.*, No. 5:23-cv-664-JSM-PRL, 2023 U.S. Dist. LEXIS 237648, at *3–4 (M.D. Fla. Dec. 21, 2023) (citing *Timbercreek Asset Mgmt. v. De Guardiola*, 2019 WL 947279, at *1 (S.D. Fla. Feb. 27, 2019)).

Here, the Movants argue, and the BVCG Defendants do not dispute, that OMA is a nonprofit corporation that is incorporated in Florida with its principal place of business in Florida. (Doc. 16, p. 6; Doc. 31). Thus, OMA is a Florida citizen—and a forum defendant—for diversity purposes. *See* §§ 1332(c)(1), 1441(b)(2).[5] However, the BVCG Defendants' snap removal of this action ostensibly prevented the application of the forum defendant rule, which forbids such removal "if any of the parties in interest *properly joined and served* as

---

[5] There does not appear to be any dispute that the parties are completely diverse or that the amount in controversy is met. (*See generally* Docs. 16, 20).

defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). Thus, the crux of the dispute concerns whether the snap removal was proper. The BVCG Defendants contend that it was, while the Movants assert that it rendered the removal procedurally defective, necessitating a remand. (Doc. 16, pp. 10–11; Doc. 20, pp. 5–6; Doc. 31, pp. 9–12).

The evolution of the law in this circuit regarding snap removals merits discussion. In *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1264–65 (M.D. Fla. 2009), a court in this District addressed the question of whether it should remand a case due to a non-forum defendant's snap removal. Apparently finding no case law from this District or from the Eleventh Circuit Court of Appeals on this issue, the *North* court surveyed the existing persuasive precedent. *See id.* at 1268–70. It noted that "[c]ourts have been divided" on the permissibility of snap removal. *Id.* at 1268. However, it determined that, at least at that time, most courts had found snap removal to be permissible based upon the plain language of § 1441(b)(2). *Id.* Thus, the court denied the plaintiff's motion to remand. *Id.* at 1270.

However, the tide turned after the Eleventh Circuit considered snap removal in a closely related context in 2014. *See Goodwin*, 757 F.3d at 1218. In *Goodwin*, two non-forum defendants had removed a case before any defendant—including the forum defendant—was served. *Id.* One of the removing defendants also filed an answer the same day, preventing the plaintiff from voluntarily dismissing the case under Rule 41(a) absent a court order. *Id.* at 1218–19 (citing FED. R. CIV. P. 41(a)(1)(A)(i)). The plaintiff moved to remand the case or, alternatively, to dismiss

6

the case without prejudice under Rule 41(a)(2) "so that she could refile the case in state court in such a manner as to irrefutably trigger the forum-defendant rule and, thereby, preclude a second removal." *Id.* at 1219 (citing FED. R. CIV. P. 41(a)(2)). The district court dismissed the case without prejudice and all three defendants ultimately appealed. *Id.*

The Eleventh Circuit affirmed the district court's dismissal of the case. *Id.* at 1222. Further, conceding the issue was not directly before it, the court "nevertheless conclude[d] that [d]efendants' right of removal, if any, was not at the core of what the removal statute protects." *Id.* at 1221. It explained:

> The forum-defendant rule clearly contemplates Plaintiff's ability to defeat [d]efendants' purported right of removal in this case. It is undisputed that if Reynolds had been served before Fikes and Precoat removed this case, the forum-defendant rule would have barred removal. The only reason this case is in federal court is that the non-forum defendants accomplished a pre-service removal by exploiting, first, Plaintiff's courtesy in sending them copies of the complaint and, second, the state court's delay in processing Plaintiff's diligent request for service. Defendants would have us tie the district court's hands in the face of such gamesmanship on the part of [d]efendants. Moreover, their argument, if accepted, would turn the statute's "properly joined and served" language on its head.

*Id.* The court went on to note that many courts had found that the purpose of § 1441(b)(2)'s "properly joined and served" language was to prevent gamesmanship by plaintiffs who might, for example, name a forum defendant they never intended to serve simply to prevent removal. *Id.* (citation omitted). The court thus reasoned that it should not use this language to support a holding that *defendants'* gamesmanship should prevent the district court from dismissing the case. *Id.*

7

Emphasizing that the "Defendants' purported right to be in federal court was based on a mere technicality," the Eleventh Circuit affirmed the district court's dismissal of the case. *Id.*

Following the *Goodwin* decision, "courts in this circuit have consistently relied upon *Goodwin* to conclude that snap removals undermine the purpose of the forum defendant rule." *Jakob*, 2023 U.S. Dist. LEXIS 237648, at *5–6 (collecting sources and remanding the case on this basis); *see also Wolfe v. Schindler Elevator Corp.*, No. 8:14-cv-2448-T-24, 2014 U.S. Dist. LEXIS 160848, at *8 (M.D. Fla. Nov. 17, 2014) (granting plaintiffs' request for voluntary dismissal without prejudice based upon the non-forum defendant's snap removal due to its "manipulation of the forum defendant rule"); *Curtis v. Bruner*, 9:19-cv-80739, 2019 U.S. Dist. LEXIS 130545, at *6 (S.D. Fla. Aug. 2, 2019) (remanding the case based upon the defendant's snap removal because "conversion of this otherwise unremovable case into a removable case . . . would create an absurd loophole in the forum-defendant rule"); *Timbercreek Asset Mgmt.*, 2019 WL 947279, at *1–6 (remanding the case based upon snap removal); *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1379, 1381 (N.D. Ga. 2018) (same).[6]

---

[6] The Court notes that, in their Response, the BVCG Defendants cite to a single post-*Goodwin* case from this circuit wherein the court found a snap removal to be proper. (Doc. 31, pp. 11–12 (citing *Sunbelt Rentals, Inc. v. Cox*, No. 2:24-cv-947-JES-KCD, 2024 U.S. Dist. LEXIS 222906, at *13 (M.D. Fla. Dec. 10, 2024))). The *Sunbelt* case appears to be an outlier. Moreover, the BVCG Defendants quote *Sunbelt* for the proposition that "decisions by district courts within the Eleventh Circuit are hopelessly divided on the issue [of snap removals]." (*Id.* (quoting *Sunbelt Rentals*, 2024 U.S. Dist. LEXIS 222906, at *13)). Yet, the *Sunbelt* court supports this proposition by comparing a group of cases occurring before *Goodwin* with a group of cases occurring post-*Goodwin*. *Sunbelt Rentals*, 2024 U.S. Dist. LEXIS 222906, at *13 (*comparing Jakob*, 2023 U.S. Dist. LEXIS 237648 (collecting cases), *with North*, 600 F.

Although the BVCG Defendants argue that snap removal is proper under the plain language of the statute, they ignore that, after *Goodwin*, the courts in this circuit have found such blind devotion to the statute's plain language to be inappropriate here. (Doc. 31, pp. 9–11). When confronted with an identical argument, the *Delaughder* court aptly explained:

> The fact that the very words included to prevent gamesmanship have opened an avenue for more gamesmanship is an ironic absurdity that the Court will not enforce simply because the words "properly joined and served" appear unambiguous in isolation, and Congress has not provided more guidance on the issue. A small step back from the phrase provides the explanation needed for the snap removal issue, which is further supported by traditional removal rules and standards.
>
> Applying the removal standard, "removal statutes should be construed narrowly," *Allen [v. Christenberry]*, 327 F.3d [1290,] 1293 [(11th Cir. 2003)], and the removing party bears the burden of establishing federal jurisdiction. *Friedman [v. New York Life Ins. Co.]*, 410 F.3d [1350,] 1353 [(11th Cir. 2005)]. At bottom, "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d [1092,] 1095 [(11th Cir. 1994)]. The snap removal issue is uncertain, and the Court does not discount the arguments on the other side of the divide. That said, in the face of uncertainty, remand is appropriate.

360 F. Supp. 3d at 1381.

This case is before this Court as a result of not one, but two technicalities. Through their snap removal, the BVCG Defendants attempt to side-step the application of both the forum defendant rule and the unanimity rule, either of

---

Supp. 2d at 1268 (collecting cases)). In other words, in reaching its holding, the *Sunbelt* court did not draw any distinction between cases occurring before and after *Goodwin*. *See id.* The instant Court respectfully disagrees with that approach.

9

Case 6:24-cv-02180-PGB-RMN   Document 40   Filed 02/20/25   Page 10 of 14 PageID 1295

which would otherwise divest this Court of jurisdiction. *See* §§ 1441(b)(2), 1446(b)(2)(A) (requiring that "all defendants *who have been properly joined and served* must join in or consent to the removal of the action." (emphasis added)).

Further, Plaintiffs assert that this matter was removed shortly after their counsel provided a courtesy copy of the Complaint to the BVCG Defendants and inquired if the BVCG Defendants' counsel would accept service on their behalf. (Doc. 16, pp. 8–9). The BVCG Defendants did not respond for several days, ultimately waiving service only after they had removed the action to this Court.[7] (*Id.*). A finding by this Court that § 1441(b)(2) permits such gamesmanship by Defendants would "turn the statute's 'properly joined and served' language on its head." *Goodwin*, 757 F.3d at 1221. Accordingly, under *Goodwin* and its progeny, the Court finds that the snap removal was improper and requires that the case be remanded to the state court.

B. **Fraudulent Joinder**

The BVCG Defendants additionally argue that, regardless of the propriety of their snap removal, this action should remain in federal court due to Plaintiffs' fraudulent joinder of OMA as a Defendant. (Doc. 31, pp. 12–15).

Under the fraudulent joinder doctrine, a facially non-removable action may nonetheless be removable if the plaintiff has fraudulently joined a party whose presence in the case defeats federal jurisdiction. *See Triggs v. John Crump Toyota,*

---

[7] Plaintiffs attach the Declaration of their attorney, Jean Claude Mazzola, attesting to these facts. (Doc. 16-2). Moreover, the BVCG Defendants do not dispute these facts in their Response. (*See* Doc. 31).

10

*Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A Defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted). Moreover, the defendant must make this showing by clear and convincing evidence. *Id.* (citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).[8]

Here, in support of their argument of fraudulent joinder, the BVCG Defendants argue that Plaintiffs cannot establish a cause of action against OMA. (Doc. 31, pp. 12–15). First, the BVCG Defendants assert that OMA has not submitted a claim to the Plaintiff insurance companies and, further, has no ownership interest in the paintings. (*Id.* at pp. 13–14). Next, the BVCG Defendants posit that Plaintiffs do not seek any relief with respect to Defendant OMA, noting that Plaintiffs fail to specifically mention OMA in the final "WHEREFORE" clause containing the prayer for relief at the end of the Complaint.[9] (*Id.* at pp. 14–15).

These arguments miss the mark. Here, Plaintiffs seek declaratory judgments concerning their rights under a Policy for which BVCG and OMA were both named

---

[8] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[9] The BVCG Defendants do not cite any legal authority to support the notion that, where a plaintiff omits reference to a forum defendant in the final prayer for relief, this proves that "there is no possibility the plaintiff can establish a cause of action against the [forum] defendant." (Doc. 31, pp. 14–15); *Henderson*, 454 F.3d at 1281 (citation omitted).

insureds. (Doc. 1-3, ¶¶ 100–30). Specifically, Plaintiffs seek declaratory judgments as to whether actions taken by the BVCG Defendants *and by Defendant OMA* voided the shared Policy. (*See id.*). Thus, the fact that the BVCG Defendants were able to submit an insurance claim without OMA's involvement is beside the point. What the BVCG Defendants do *not* state—and what would be much more relevant to the Court's analysis here—is that OMA did not have the ability to *void* the Policy through its conduct. (*See* Doc. 31, pp. 12–15).

Further, while the BVCG Defendants assert that Plaintiffs do not seek relief as to OMA, the BVCG Defendants fail to acknowledge that Plaintiffs have pled a count seeking declaratory relief that directly implicates OMA. (*See id.*). In Count III, Plaintiffs charge that BVCG was added as an additional insured on OMA's Policy as a direct result of OMA's material misrepresentations regarding the authenticity and value of BVCG's paintings. (Doc. 1-3, ¶ 122). Thus, through this count, Plaintiffs seek a declaratory judgment that the shared Policy was voided by OMA's misrepresentations. (*Id.* ¶ 130). The Court notes that this appears to be an appropriate topic for declaratory relief under Florida Statute §§ 86.011 and 86.031. *See* FLA. STAT. §§ 86.011(1)–(2) (stating the court "may render declaratory judgments on the existence, or nonexistence [o]f any immunity, power, privilege, or right; or [o]f any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend . . . ."), 86.031 (stating that a contract may be construed through declaratory judgment(s) "either before or after there has been a breach of it."). Thus, the BVCG Defendants have not

12

established by clear and convincing evidence that "there is no possibility" that Plaintiffs can establish a cause of action for declaratory judgment against OMA under the unique circumstances at play here. (*See* Doc. 31, pp. 12–15); *Henderson*, 454 F.3d at 1281. Consequently, the BVCG Defendants have failed to establish that OMA was fraudulently joined as a Defendant, and the action must therefore be remanded to the state court.[10]

### C. Attorney's Fees and Costs

Finally, the Movants ask the Court for awards for their attorney's fees and costs associated with bringing the Remand Motions pursuant to 28 U.S.C. § 1447(c), asserting the BVCG Defendants lacked an objectively reasonable basis for the removal. (Doc. 16, p. 6; Doc. 20, p. 15). Given the BVCG Defendants' citation to a recent case from this District supporting its removal and the absence of any binding authority that mandates a remand here, the Court does not find that the removal lacked an objectively reasonable basis. *See Sunbelt Rentals*, U.S. Dist. LEXIS 222906, at *13; *see also Delaughder*, 360 F. Supp. 3d at 1379 (noting the absence of binding precedent in this circuit on this issue). Therefore, the Movants' requests for attorney's fees and costs are due to be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[10] Because the Court finds that a remand is warranted due to the BVCG Defendants' improper snap removal of this action, it does not consider the Movants' additional arguments in support of remand. (*See* Docs. 16, 20).

1. Plaintiffs' Motion to Remand to State Court (Doc. 16) and Defendant Orlando Museum of Art, Inc.'s Motion to Remand to State Court (Doc. 20) are **GRANTED IN PART** and **DENIED IN PART**.

2. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida for further proceedings.

3. The Clerk of Court is **DIRECTED** to send a certified copy of the Order to the Clerk of Court for the Ninth Judicial Circuit, in and for Orange County, Florida.

4. The Clerk of Court is **DIRECTED** to close the case.

5. Plaintiffs' Motion to Remand to State Court (Doc. 16) and Defendant Orlando Museum of Art, Inc.'s Motion to Remand to State Court (Doc. 20) are **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on February 20, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties